# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN FULTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20 C 3118 |
| ROBERT BARTIK, et al., | ) Judge Joan H. Lefkow |
| Defendants. | ) |
| ANTHONY MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20 C 3119 |
| ROBERT BARTIK, et al., | ) Judge Joan H. Lefkow |
| Defendants. | ) |

## ORDER

Plaintiffs seek reconsideration under Federal Rule of Civil Procedure 54(b) (dkt. 110) of the decision to dismiss all claims against defendant Jacob Rubinstein on claim preclusion grounds.[1] For the following reasons, the motion is denied.

## BACKGROUND

The pending case is a third action arising from the events at issue. Plaintiffs previously filed two actions under 42 U.S.C. § 1983 related to their implication in and convictions for the murder of Christopher Collazo. Rubinstein was a defendant in the first action but was voluntarily dismissed with prejudice. He was not included as a defendant when the action was re-filed one

---

[1] The dismissal was without prejudice to repleading facts supporting a constitutional violation by Rubinstein that may have occurred after the preclusion date. Absent repleading, the dismissal was with prejudice.

year later. In the present action, the court dismissed Rubinstein on claim preclusion grounds based on his dismissal with prejudice from the first action. The order dismissing Rubinstein did not address the fact that the first § 1983 action was filed before plaintiffs were tried and convicted, even though the complaint curiously included claims premised on constitutional deprivations occurring at a trial. The relevant litigation history that is necessary to decide this motion is detailed below.

**I.** *Fulton I*

In March 2005, with the benefit of counsel, plaintiffs filed their first § 1983 action against Rubinstein and other defendants based on their involvement in the investigation and prosecution of the Collazo murder. *See Fulton* v. *Zalatoris*, No. 05 C 1551 (N.D. Ill.) (*Fulton I*). As to Rubinstein, plaintiffs alleged that he assisted in coercing or fabricating their false admissions to killing Collazo and creating other false evidence implicating them in the murder. That complaint outlined the following claims:

- false arrest claims, arising under the Fourth and Fourteenth Amendments;
- coercive interrogation claims, arising under the Fifth and Fourteenth Amendments;
- conspiracy claims related to the alleged false arrest and charges, in violation of the Fourth and Fourteenth Amendments; and
- deprivation of right to fair trial claims, arising under the Fifth and Fourteenth Amendments.

The court, on plaintiffs' motion, stayed *Fulton I* under *Younger* v. *Harris*, 401 U.S. 37 (1971), due to the on-going criminal proceedings against plaintiffs.

On August 31, 2006, after a trial, plaintiffs were convicted of murdering Collazo.

On October 4, 2006, the court entered an agreed order voluntarily dismissing Rubinstein with prejudice. Two days later, on October 6, the court granted plaintiffs' oral motion to voluntarily dismiss the action without specifying whether it was with or without prejudice, so it was without prejudice as provided by Rule 41(a)(2).

II. *Fulton II*

In October 2007, again with the benefit of counsel, plaintiffs re-filed their § 1983 action against the same defendants, excluding Rubinstein. *See Fulton* v. *Zalatoris*, No. 07 C 5569 (N.D. Ill.) (*Fulton II*). That complaint also included the same "deprivation of right to fair trial" claims alleged in *Fulton I*. Plaintiffs' trial-based claims were dismissed pursuant to *Heck* v. *Humphrey*, 512 U.S. 477 (1994), because success on those claims would necessarily imply the invalidity of their convictions. In February 2012, the court granted plaintiffs' motion to voluntarily dismiss (Fulton and Mitchell's) remaining claims without prejudice. In April 2012, the remaining plaintiff Antonio Shaw, whose claims were not dismissed, filed a stipulation to dismiss pursuant to a settlement agreement.

III. **Plaintiffs' 2006 convictions were vacated and they filed this action (*Fulton III*).**

Plaintiffs' 2006 convictions were vacated in February 2019, and they filed this action in May 2020, again with counsel but different counsel than in *Fulton I* and *Fulton II*. *Fulton III* includes similar allegations to those in *Fulton I*, namely, that Rubinstein assisted in fabricating evidence and coercing false confessions from plaintiffs that implicated them in the Collazo murder and the improperly obtained evidence was used at trial in obtaining plaintiffs' convictions.

IV. **The challenged order in *Fulton III* dismissing Rubinstein.**

Regarding the order that is on reconsideration in *Fulton III*, the court determined that Rubinstein's dismissal with prejudice in *Fulton I*, which indisputably operated as an adjudication on the merits, barred the claims in the present action that were based on the same predicate conduct. The court also rejected plaintiffs' argument that their claims against Rubinstein could not be precluded by *Fulton I* because under *Heck* those claims did not accrue until their convictions had been vacated in 2019.

3

## **LEGAL STANDARD**

District courts have inherent authority and discretion to reconsider prior rulings for the limited purpose of correcting manifest errors of law or fact or to consider newly discovered evidence. *See Caisse Nationale de Credit Agricole* v. *CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## **ANALYSIS**

Plaintiffs' motion arguably presents a potential error of law or fact in the order dismissing trial-based claims against Rubinstein based on the fact that plaintiffs filed *Fulton I* before they were convicted, an underappreciated point in the briefing on the motions to dismiss *Fulton III*. They argue that the trial-based claims brought in this action against Rubinstein were not cognizable or encompassed in *Fulton I* for two reasons. First, as a factual matter, their claims against Rubinstein in *Fulton I*, filed in 2005, could not have included trial-based claims because they were convicted on August 31, 2006, after *Fulton I* was filed. Second, claim preclusion cannot be applied to claims that have delayed accrual under *Heck*.

As stated in the challenged order, the relevant doctrines are claim preclusion and *Heck*'s delayed-accrual rule. Under claim preclusion doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen* v. *McCurry*, 449 U.S. 90, 94 (1980); *see Daza* v. *State*, 2 F.4th 681, 683–84 (7th Cir. 2021). It is undisputed that *Heck* delayed the accrual of plaintiffs' trial-based claims until their convictions were invalidated in 2019.

In *Fulton I*, plaintiffs complained that Rubinstein helped coerce false confessions from plaintiffs and created other false evidence against them. The complaint contemplated and included constitutional violations that were based on the use of that allegedly fabricated or false

4

evidence at trial, even though the trial had not yet occurred at the time the action was filed. Plaintiffs call this mislabeling but have no explanation of why the complaint would not have put Rubinstein on notice that they were complaining about the use of his improperly obtained or created evidence at a trial. In other words, Rubinstein's alleged improper conduct had already occurred, but the outcome of the criminal proceeding and claims based on a certain outcome were anticipatory. As plaintiffs describe it, "then-counsel was prescient enough to anticipate that an unconstitutional trial was in the offing." Indeed, plaintiffs in 2005 at least acknowledged that their ongoing criminal proceedings had an impact on their § 1983 action by staying it under *Younger*.

Those trial-based claims in *Fulton I* were no longer anticipatory once plaintiffs were convicted on August 31, 2006. At that point, trial-based claims in *Fulton I* could have been dismissed without prejudice under *Heck. See Wallace* v. *Kato*, 549 U.S. 384, 393–94 (2007) ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.") As noted in the challenged order, however, *Heck* is a non-jurisdictional defense that can be waived, and it was not raised in *Fulton I*. Instead, plaintiffs dismissed Rubinstein with prejudice, which was an adjudication on the merits of trial-based claims, triggering claim preclusion. *See Johnson* v. *Spencer*, 950 F.3d 680, 714 (10th Cir. 2020) ("Regardless of whether the district court in the 1991 Action should have held—even before *Heck* was decided—that Mr. Johnson's claims were not cognizable under § 1983, the 1991 Action nonetheless adjudicated Mr. Johnson's claims against Detective Stanford and Cheyenne."). The court has found no authority allowing *Heck* to be used to undo or void a dismissal with prejudice on claims that could have been dismissed without prejudice under *Heck*.

5

Plaintiffs argue, however, that after *McDonough* v. *Smith*, 139 S. Ct. 2149 (2019), *Heck* cannot be bypassed or waived. But *McDonough* did not alter *Heck*. Rather, *McDonough* analogized to *Heck* to determine when a fabricated-evidence claim accrues, concluding that it does not accrue until the underlying criminal proceedings against the defendant (*i.e.*, § 1983 plaintiff) terminate in his favor. *Id*. at 2155. *McDonough* does not undermine the understanding in this Circuit that *Heck* can be waived. Nor does *McDonough* or *Heck* prevent parties from dismissing claims with prejudice even though they could have been dismissed without prejudice.

## CONCLUSION AND ORDER

Plaintiffs' motion for reconsideration (dkt. 110) is denied. Rubinstein is dismissed with prejudice.

Date: November 9, 2021

_____
U.S. District Judge Joan H. Lefkow