IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 20-cv-3118 |
| v. | ) | |
| | ) | Judge Lefkow |
| ROBERT BARTIK, et al., | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |
| | ) | |
| ANTHONY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 20-cv-3119 |
| v. | ) | |
| | ) | Judge Lefkow |
| ROBERT BARTIK, et al., | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S
MOTION FOR SUMMARY JUDGMENT**

Defendant City of Chicago (the "City") hereby moves the Court for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56. In support of its motion, the City states the following:

1. This lawsuit arises from Plaintiffs' arrest, prosecution, and conviction for the March 10, 2003 murder of Christopher Collazo. Plaintiffs John Fulton and Anthony Mitchell filed nearly identical suits against current or former Chicago Police Officers Robert Bartik, John Zalatoris, James Breen, Leonard Rolston, Edward Winstead, Joseph

Struck, Robert Girardi, Richard Vervenka, Michael Kennedy, Michael Schmitz, Brian Skora, Inv. S. Franco, and Detective Aguirre (the "Individual City Defendants"); Unknown Chicago Police Officers (the "Unknown Officers"); and the City of Chicago. Plaintiffs further brought claims against Cook County and County personnel including McRay Judge, Jacob Rubinstein, Andrew Varga, and Eugene Shepherd.

2. Plaintiffs' complaints include the following counts: claims under § 1983 for false confession (Count I), fabrication of false witness statements (Count II), deprivation of liberty without probable cause (Count III), due process violations for wrongful conviction and illegal confinement (Count IV), involuntary servitude (Count V), failure to intervene (Count VI), conspiracy to deprive constitutional rights (Count VII), and *Monell* liability (Count VIII); malicious prosecution under state law (Count IX); intentional inflection of emotional distress (Count X); civil conspiracy (Count XI); *respondeat superior* (Count XII); and indemnification (Count XIII). (Dkt. 1.) Only the claims brought for *Monell* liability, *respondeat superior*, and indemnification are alleged against the City. (*Id.*)

3. On May 9, 2023, the Court granted Plaintiffs' and the City's agreed motion to bifurcate the *Monell* claim for summary judgment and trial. (*Fulton* Dkt. 186; *Mitchell* Dkt. 190.)

4. The two remaining claims against the City—*respondeat superior* (Count XII) and indemnification (Count XIII)—are thus vicarious theories of recovery against the City.

5. Absent wrongdoing on the part of the Individual City Defendants, the City cannot be held vicariously liable. *See* 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."); 745 ILCS 10/9-102 (a public entity must pay a judgment or settlement for compensatory damages only if the employee himself is liable); *Carey v. K-Way, Inc.*, 728 N.E.2d 743, 748 (1st Dist. 2000) (no *respondeat superior* liability in the absence of employee's liability for the underlying tort). Where a municipal employee is not liable by virtue of a common law defense or statutory immunity, the local unit of government for which that employee works enjoys similar protection by virtue of Section 2-109 of the Act. *See, e.g.*, *Sank v. Poole*, 596 N.E.2d 198, 1203 (4th Dist. 1992).

6. The Individual City Defendants filed a motion for summary judgment as follows:

    a. All Individual City Defendants moved for summary judgment as to Count II (fabrication of false witness statements), Count III (deprivation of liberty without probable cause), Count IV (wrongful conviction and illegal confinement), Count VI (failure to intervene) Count IX (malicious prosecution); Count X (intentional infliction of emotional distress), and Count XI (civil conspiracy under state law);

    b. Defendants Cervenka, Kennedy, Skora, Aguirre, and Franko moved for summary judgment in their favor on all claims against them;

    c. Defendants Bartik, Winstead, and Schmitz moved for summary judgment

      d.    Defendants Bartik and Schmitz moved for summary judgment as to Fulton's Count I (coerced confession); and

      e.    Defendants Bartik, Winstead, Cervenka, Kennedy, Schmitz, Skora, Franko, and Aguirre moved to for summary judgment as to Count VI (failure to intervene).

7.    Because Plaintiffs seek to recover vicariously against the City based on the liability of the Individual City Defendants as to these claims, the City herein joins and adopts the motion for summary judgment filed by the Individual City Defendants to the extent applicable. Since Plaintiffs have not established that the Individual City Defendants caused them to suffer any constitutional or state law injury with respect to the claims identified above, they cannot succeed against the City on their *respondeat superior* (Count XII) or indemnity (Count XIII) claims. To the extent the Individual City Defendants are granted summary judgment pursuant to their motion, there will be no remaining basis to impose vicarious liability against the City on those claims. Accordingly, summary judgment should be granted in favor of the City on Counts XII and XIII for all claims on which the Individual City Defendants are granted summary judgment.

8.    Plaintiffs also bring claims against the Unknown Officers. However, Plaintiffs have never identified who those Unknown Officers are or developed any evidence as to what any of those unknown officers specifically did wrong. Any claims against the Unknown Officers should now be dismissed in their entirety pursuant to this motion. As the Seventh Circuit has explained, summary judgment "is the 'put up or shut

up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999); *see also Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003). Plaintiffs cannot maintain claims against unidentified individuals and cannot hold the City liable where they have failed to identify any individual alleged to be a City employee who committed the alleged wrongful acts.

9. Under Seventh Circuit precedent, dismissal of unidentified defendants is warranted where the plaintiffs fail during the discovery period to identify the unidentified parties in the complaint. *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (discovery is a plaintiff's opportunity to identify unknown and unnamed defendants; the failure to do so before the close of discovery warranted dismissal of unknown and unnamed defendants from the case); *Strauss v. City of Chi.*, 760 F.2d 765, 770 n.6 (7th Cir. 1985) (dismissal of "John Doe" defendant proper where plaintiff did not identify that unknown defendant, because plaintiff has the responsibility of taking steps necessary to identify the officer responsible for his injuries); *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (pointless to include lists of anonymous defendants in federal court). Since Plaintiffs have failed to identify the Unknown Officers, Plaintiffs' claims against the Unknown Officers should be dismissed. Plaintiffs have not taken the necessary steps to identify any unnamed officer responsible for any injuries. *Strauss*, 760

F.2d at 770 n.6. There is no genuine issue of material fact where Plaintiffs do not know against whom they are asserting their claims or what those individuals did wrong.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that that the Court grants its motion and enter an order: (1) granting summary judgment in its favor on Plaintiffs' *respondeat superior* and indemnification claims in accordance with the Individual City Defendants' motion for summary judgment; (2) dismissing the Unknown Officers from the case; and (3) for any other and further relief this Court deems appropriate.

Dated: June 20, 2023

                                            Respectfully submitted,

MARY B. RICHARDSON-LOWRY, *Acting Corporation Counsel for the City of Chicago*

/s/ James P. Fieweger
James P. Fieweger
jpfieweger@michaelbest.com
Michael D. Bess
mdbess@michaelbest.com
Carolyn E. Isaac
ceisaac@michaelbest.com
Veronica Mantilla
vamantilla@michaelbest.com
Special Assistants Corporation Counsel
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street, Suite 3200
Chicago, IL 60606
(312) 222-0800

*Attorneys for Defendant, City of Chicago*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 20, 2023, the foregoing document was electronically filed with the Clerk of the Court and served on all counsel of record through the CM/ECF system.

*/s/ James P. Fieweger*
