**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | 20-cv-3118 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| ROBERT BARTIK, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ANTHONY MITCHELL, | ) | |
| | ) | 20-cv-3119 |
| Plaintiff, | ) | |
| | ) | Judge Lefkow |
| v. | ) | |
| | ) | Jury Trial Demanded |
| ROBERT BARTIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL CITY DEFENDANTS' OMNIBUS MOTION *IN LIMINE***

Defendants Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi, and Stephen Franko ("Individual City Defendants"), by and through their undersigned counsel, move *in limine* to bar certain evidence from being introduced at trial.

## TABLE OF CONTENTS

LEGAL STANDARD ...................................................................................................... 1

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING SOLELY TO CLAIMS THAT WERE DISMISSED OR NEVER ALLEGED ...................................................................................... 1

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO BAR REFERENCE TO OTHER LAWSUITS,COMPLAINT REGISTER ("CR") FILES, OR OTHER DISCIPLINARY HISTORY EVENTS .................................................................................... 3

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO HAVE EQUAL TRIAL TIME AS PLAINTIFFS .............................................................................................. 5

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE ANY USE OF THE TERMS "CODE OF SILENCE," "BLUE WALL," AND OTHER SIMILARLY PREJUDICIAL TERMS ...................................................................................... 5

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO BAR REFERENCE TO SPECIFIC INSTANCES OF ALLEGED MISCONDUCT OF INDIVIDUAL CITY DEFENDANTS ........................................................................................................................ 6

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE AND AGUMENT RELATING TO ANY OTHER INCIDENT OF ALLEGED POLICE MISCONDUCT IN THE MEDIA .................................................................................. 10

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE PASSAGE OF TIME BETWEEN THE INCIDENT AND THE TRIAL IN THIS CASE ...................................................................... 11

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY UNDISCLOSED WITNESSES OR OPINIONS ................................................................................................................................ 11

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 9 TO EXCLUDE LAY WITNESS TESTIMONY REGARDING PLAINTIFFS' ALLEGED PHYSICAL AND EMOTIONAL INJURIES ...................................................................................................... 12

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO POLICE PRACTICES WHICH INSINUATE WRONGDOING BUT WHCH ARE CONSTITUTIONAL ............................. 13

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 11 TO EXCLUDE EVIDENCE AND ARGUMENT THAT ANY POLICE OFFICER FALSELY TESTIFIED OR PROVIDED MISLEADING TESTIMONY AT PLAINTIFFS' CRIMINAL TRIALS OR DURING ANY CRIMINAL PROCEEDINGS ...................................................................... 15

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 12 TO PRECLUDE PLAINTIFFS FROM REFERRING TO THEMSELVES, SHAW, OR GRIFFIN AS "KIDS" OR OTHER SIMILAR TERMS DESIGNED TO EVOKE LENIENCY ................................. 17

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 13 TO EXCLUDE ANY EVIDENCE AND ARGUMENT RELATING TO PREVIOUSLY DISMISSED INDIVIDUALS ........................................................................................................... 19

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 14 TO BAR ANY EVIDENCE AND ARGUMENT RELATING TO OR SUGGESTIVE OF BURDEN-SHIFTING ............................................................................................................... 19

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 15 TO BAR EVIDENCE OR ARGUMENT THAT NON-DEFENDANTS COMMITTED MISCONDUCT ................ 20

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 16 TO BAR ARGUMENT OR SUGGESTIONS THAT THE JURY SHOULD PUNISH OR "SEND A MESSAGE" TO THE CITY AND CPD BY ITS VERDICT AGAINST INDIVIDUAL CITY DEFENDANTS ........................................................................................................................... 21

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 17 TO BAR PLAINTIFFS' COUNSEL FROM BREAKING UP DEFENDANTS CROSS EXAMINATION OF PLAINTIFFS ............................................................................................................ 22

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 18 TO BAR ANY AGRUMENT RELATING TO SUFFICIENCY OF UNDERLYING POLICE INVESTIGATION ...................................................................................................... 23

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 19 TO BAR ARGUMENT THAT THE ABSENCE OF DNA EVIDENCE AS PROOF OF POLICE MISCONDUCT .. 24

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 20 TO BAR EVIDENCE REGARDING ANY ALLEGED DEVIATION FROM CHICAGO POLICE DEPARTMENT INTERNAL POLICIES ............................................................................................. 25

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 21 TO BAR EVIDENCE OR ARGUMENT THAT ANTONIO SHAW'S CONFESSION WAS FABRICATED ........ 26

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 22 TO BAR ALL REFERENCES TO POLICE OFFICERS NOT MAKING ELECTRONIC RECORDINGS OF INTERVIEWS ........................................................................................................... 27

INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 23 TO BAR REFERENCE TO HOW THE CITY OF CHICAGO TRAINS, DISCIPLINES, MONITORS, OR CONTROLS POLICE OFFICERS ............................................................................... 28

**CONCLUSION ....................................................................................................... 29**

# TABLE OF AUTHORITIES

**Supreme Courts**
*Briscoe v. LaHue*, 460 U.S. 325 (1983) .................................................................................. 15, 16
*Imbler v. Pachtman*, 424 U.S. 409, 429, (1976) ........................................................................ 16
*Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460 (1984) ............................................. 1
*Pierson v. Ray*, 386 U.S. 547, 554 (1967) ................................................................................. 16

**Appellate Courts**
*Anderer v. Jones,* 385 F.3d 1043, 1049 (7th Cir. 2004) ............................................................ 23
*Barber v. City of Chi.,* 725 F.3d 702, 714 (7th Cir. 2013) .......................................................... 18
*Dassey v. Dittmann*, 877 F.3d 297, 303 (7th Cir. 2017) ........................................................... 14
*Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 644-45 (7th Cir. 2011) .......................................... 3
*Empire Bucket, Inc. v. Contractors Cargo Co.*, 739 F.3d 1068, 1071 (7th Cir. 2014) ................. 1
*Eversole v. Steele*, 59 F.3d at 718 (7th Cir. 1995) .................................................................... 23
*Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014) ........................................................... 26
*Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994) .................................................................. 14
*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) ........................ 1
*Khorrami v. Rolince*, 539 F.3d 782, 789 (7th Cir. 2008) ............................................................ 15
*King v. Hendricks Cty. Commissioners,* 954 F.3d 981, 986 (7th Cir. 2020) ......................... 24, 25
*Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) ..................................................... 27
*MCI Commc'ns Corp. v. AT&T*, 708 F.2d 1081, 1171 (7th Cir. 1983) .................................. 5, 23
*Mitchell v. City of Chicago,* 862 F.3d 583, 587 (7th Cir. 2017) ................................................. 25
*Musser v. Gentiva Health Services*, 356 F.3d 751, 759–760 (7th Cir. 2004) .............................. 11
*Myers* v. *Ill. Cen. R.R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010) ................................................. 12
*Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th Cir. 2020) ................................................... 27
Thompson v. City of Chicago, 472 F.3d 444, 456–57 (7th Cir. 2006) ........................... 18, 25, 26
*U.S. v. Ceballos*, 302 F.3d 679, 694–95 (7th Cir. Aug. 27, 2002) ............................................. 13
*United States v. Adames*, 56 F.3d 737, 746 (7th Cir. 1995) ...................................................... 18
*United States v. Gomez*, 763 F.3d 845, 852 (7th Cir. 2014) ............................................ 5, 7, 8, 9
*United States v. Hicks*, 368 F.3d 801, 807 (7th Cir. 2004) ........................................................ 18
*United States v. Kontny*, 238 F.3d 815, 817 (7th Cir. 2001) ...................................................... 13
*United States v. Lee*, 724 F.3d 968, 978 (7th Cir. 2013) ............................................................. 7
*Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 447 (7th Cir. 2014) ............................... 1

**District Courts**
*Akbar v. City of Chicago*, 06 C 3685, 2009 WL 3335364 (N.D. Ill. Oct. 14, 2009) ...................... 4
*Bennett v. Thomas*, No. 12-CV-6060, 2014 WL 13110820, at *10 (N.D. Ill. Jan. 16, 2014) . 6, 10, 12
*Betts v. City of Chi.*, 784 F. Supp. 2d 1020, 1033 (N.D. Ill. May 13, 2011) ............................... 22
*Brandon* v. *Vill. of Maywood*, 179 F. Supp. 2d 847, 859–60 (N.D. Ill. 2001) ............................ 12
*Bruce v. City of Chicago*, 2011 WL 3471074, at *3 (N.D. Ill. July 29, 2011) ............................. 26
*Caldwell v. City of Chi.*, 2010 WL 380696, *3 (N.D. Ill., Jan. 28, 2010) ............................. 4, 9, 22
*Case v. Town of Cicero*, 2013 WL 5645780, at *10 (N.D. Ill. Oct. 16. 2023) ............................. 21
*Cazares v. Frugoli*, 2017 WL 4150719 at *9-10 (N.D. Ill. Sept. 19, 2017) .......................... 4, 8, 9
*Cooper* v. *Dailey*, No. 07 C 2144, 2012 WL 1748150, at *7 (N.D. Ill. May 16, 2012) .............. 13
*DeLeon-Reyes v. Guevara*, 2020 WL 1429521, at *3 (N.D. Ill. March 18, 2020) ......................... 7

*Estate of Keys v. City of Harvey*, No. 92 C 2177, 1996 WL 34422, at *2 (N.D. Ill. Jan. 26, 1996) ................................................................................................................................................ 3

*Fields v. City of Chicago*, No. 12 C 1306, 2018 WL 1652093, at *10 (N.D. Ill. Apr. 5, 2018)... 20

*Fox-Martin v. County of Cook*, 2010 WL 4136174, *2–3 (N.D. Ill., Oct. 18, 2010) ..................... 9

*Gonzalez v. City of Elgin*, 2010 WL 3271272 (N.D. Ill. Aug. 16, 2010) ........................................ 4

*Gonzalez v. Olson*, No. 11 C 8356, 2015 WL 3671641, at *21–25 (N.D. Ill. June 12, 2015) ....... 7

*Gray v. City of Chicago*, No. 1:18-CV-02624, 2023 WL 7092992, at *15 (N.D. Ill. May 8, 2023) ................................................................................................................................................ 20

*Harris v. City of Chicago*, No. 14 C 4391, 2018 WL 2183992, at *16–17 (N.D. Ill. May 11, 2018) .............................................................................................................................................. 7

*Heflin v. City of Chicago*, No. 95 C 1900, 1996 WL 28238, at *1-2 (N.D. Ill. Jan. 22, 1996) ...... 3

*Hill v. City of Chicago*, 2011 WL 3205304, at *3 (N.D. Ill. July 28, 2011) ................................. 26

*Jones v. City of Chi.*, 2017 WL 413613, at *4 (N.D. Ill. Jan. 31, 2017).......................... 21, 22, 25

*Lerman v. Turner*, No. 10 C 2169, 2014 WL 13110835, at *5 (N.D. Ill. June 20, 2014) ........ 2, 19

*Martin v. City of Chicago*, No. 15-CV-04576, 2017 WL 2908770, at *6–7 (N.D. Ill. July 7, 2017) ....................................................................................................................................... 20, 21

*Martinez v. City of Chi.*, 2016 WL 3538823, at *14 (N.D. Ill. June 29, 2016) ............................ 22

*Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *5 (N.D. Ill. Apr. 15, 2008) 3, 9

*Obrycka v. City of Chi.*, 2012 WL 4060293, at *2 (N.D. Ill. Sept. 14, 2012) ........................ 11, 22

*Pierce v. Ruiz*, 2016 WL 5912890, at *5, (N.D. Ill. Oct. 11, 2016) ............................................. 10

*Ratliff v. City of Chicago*, No. 10 C 739, 2012 WL 5845551, at *4 (N.D. Ill. Nov. 19, 2012) 6, 21

*Rodriguez v. City of Chicago*, No. 15 C 6290, 2017 WL 11885372, at *4–5 (N.D. Ill. Jan. 10, 2017) ............................................................................................................................................. 21

*Saunders v. City of Chi.*, 320 F.Supp.2d 735, 739 (N.D. Ill. June 10, 2004) ................................ 4

*Shea v. Galaxie Lumber & Const. Co.*, 1996 WL 111890, at *1 (N.D. Ill. Mar. 12, 1996) ....... 4, 9

*Torres v. City of Chi.*, 2015 WL 12843889, at *7–8 ..................................................................... 9

*Ty Inc. v. Softbelly's Inc.*, No. 00 C 5230, 2006 WL 5111124, at *6 (N.D. Ill. Apr. 7, 2006)..... 11

**Rules**

Fed. R. Civ. P. 37(c) ..................................................................................................................... 11
Fed. R. Evid. 401 ................................................................................ 3, 5, 7, 10, 15, 22, 25, 26
Fed. R. Evid. 402 .................................................................................................. 1, 5, 7, 15, 19
Fed. R. Evid. 403 ............................................. 1, 3, 4, 6, 7, 8, 9, 10, 11, 15, 16, 17, 19, 22, 25, 28
Fed. R. Evid. 404 ...................................................................................... 3, 4, 7, 8, 9, 10, 16
Fed. R. Evid. 701 ......................................................................................................................... 12
Fed. R. Evid. 801 ......................................................................................................................... 10

**Statutes**

20 ILCS 3930/7.5(a) ..................................................................................................................... 27
50 ILCS 705/10.3 .......................................................................................................................... 27
705 ILCS 405/5-120 ..................................................................................................................... 17
705 ILCS 405/5-130(1)(a) ............................................................................................................ 17
725 ILCS 5/103–2.1(b) ................................................................................................................. 27
745 ILCS 10/2-102 ................................................................................................................. 21, 22

**LEGAL STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460 (1984). A motion *in limine* is an "important tool" which "sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). "Judges have wide discretion to make evidentiary rulings and manage the efficiency of trial." *Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 447 (7th Cir. 2014); *see also Empire Bucket, Inc. v. Contractors Cargo Co.*, 739 F.3d 1068, 1071 (7th Cir. 2014) (reviewing *in limine* rulings under abuse of discretion standard).

**INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING SOLELY TO CLAIMS THAT WERE DISMISSED OR NEVER ALLEGED**

In their initial complaints, Plaintiffs advanced a number of allegations and claims that have since been dismissed at summary judgment. For example, the Court dismissed the following claims from this litigation in its ruling on Individual City Defendants' motion for partial summary judgment (Dkt. No. 202): coerced confession claim (Count I) against Individual City Defendants Bartik, Winstead, and Franko; fabrication claim (Count II) against Defendant Officer Franko; and the wrongful conviction and illegal confinement claim (Count IV) against all Individual City Defendants. (Dkt. No. 256 at 72).[1] Evidence relating only to those claims is irrelevant and inadmissible under Rule 402 and is excludable under Rule 403 as it has zero probative value and would only serve to prejudice Individual City Defendants and confuse the issues and mislead the

---

[1] Although Plaintiffs have separate cases – *Fulton v. Bartik, et al.*, 20-cv-3118 and *Mitchell v. Bartik, et al.*, 20-cv-3119, respectively – the filings in each case are nearly identical. Therefore, for ease of reference and to avoid duplicate citations, the docket entries referenced herein refer to the case docket for *Fulton v. Bartik, et al.*, 20-cv-3118.

jury. Therefore, Plaintiffs should not be allowed to present any evidence or argument relating to these claims, including any evidence or argument that Defendants Bartik, Winstead or Franko coerced their confessions, or that Defendant Franko fabricated any evidence. *See*, *e.g.*, *Lerman v. Turner*, No. 10 C 2169, 2014 WL 13110835, at *5 (N.D. Ill. June 20, 2014) (J. Lefkow).

Additionally, Plaintiffs did not assert a Fourteenth Amendment *Brady* claim against Individual City Defendants in this case. However, under Plaintiffs' "Wrongful Conviction and Illegal Confinement Claim" (Count IV), Plaintiffs alleged that Individual City Defendants intentionally withheld and/or destroyed the following evidence: (1) the existence of a back door camera at Fulton's apartment; (2) Fulton's key fob which allegedly recorded his entries and exits from the apartment building; (3) an exculpatory license plate number; (4) the allegedly coercive interrogation tactics used during the interviews of Antonio Shaw, Johnnitta Griffin, and Plaintiffs; and (5) phone records for Griffin, Marisol Caldero, Christopher Collazo, and Fulton. (Dkt. No. 1 at ¶¶ 29, 48, 64, 74, 78, 82-87, 159-168). At summary judgment, Individual City Defendants argued that Count IV of Plaintiffs' complaints should be dismissed as there was insufficient evidence to prove that any officer intentionally withheld or destroyed the evidence Plaintiffs allege. (Dkt. No. 202 at 18-28). After Plaintiffs failed to respond to Individual City Defendants' argument in their summary judgment responses, the Court granted summary judgment to all Individual City Defendants as to Count IV. (Dkt. No. 256 at 12-13).

Because Plaintiff never alleged a *Brady* claim and Individual City Defendants prevailed on Count IV, Plaintiffs should not be permitted to re-assert this evidence and argue that Individual City Defendants withheld evidence a back door camera; a key fob; a license plate; the allegedly coercive tactics used during the interviews of Shaw, Griffin, or Plaintiffs; or any phone records. Plaintiffs' claim of wrongful conviction and illegal confinement claim proceeds solely against

Defendant Eugene Shepherd for the alleged withholding of the existence of a backdoor camera. (Dkt. No. 256 at 52). Therefore, Plaintiffs should be barred from arguing or presenting any evidence at trial relating to the aforementioned claims that were resolved at the summary judgment stage.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO BAR REFERENCE TO OTHER LAWSUITS,COMPLAINT REGISTER ("CR") FILES, OR OTHER DISCIPLINARY HISTORY EVENTS

Individual City Defendants seek to bar any evidence, testimony, or argument concerning: (1) any lawsuits filed against Individual City Defendants; (2) any complaints listed on Individual City Defendants' CR histories; (3) Individual City Defendants' CR/disciplinary histories; (4) any internal affairs investigations; and (5) any IPRA/COPA investigations produced in this case pursuant to Federal Rules of Evidence 401 and 403. This evidence is irrelevant, inadmissible hearsay, and is substantially more prejudicial considering the minimal probative value such evidence holds. Additionally, Plaintiffs' *Monell* claims against the City are bifurcated (Dkt. No. 186), and so any other unrelated incidents of alleged misconduct by Chicago police officers, including those incidents involving Individual City Defendants, is irrelevant to this case.

The only purpose Plaintiffs would have to introduce the aforementioned evidence would be for propensity. Under Rule 404(b), Individual City Defendants' CR histories involving unrelated cases is inadmissible to show propensity. *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 644-45 (7th Cir. 2011); *see also Estate of Keys v. City of Harvey*, No. 92 C 2177, 1996 WL 34422, at *2 (N.D. Ill. Jan. 26, 1996) (barring prior bad acts evidence to prove the character of a defendant); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *5 (N.D. Ill. Apr. 15, 2008) (barring any evidence or testimony regarding unrelated complaint registers); *Heflin v. City of Chicago*, No. 95 C 1900, 1996 WL 28238, at *1-2 (N.D. Ill. Jan. 22, 1996) (barring unrelated

3

internal complaints of defendant police officers); *Akbar v. City of Chicago*, 06 C 3685, 2009 WL 3335364 (N.D. Ill. Oct. 14, 2009) (excluding CRs containing allegations of excessive force against police officers); *Gonzalez v. City of Elgin*, 2010 WL 3271272 (N.D. Ill. Aug. 16, 2010) (barring prior lawsuits against defendant police officers under Rule 404(b)); *Cazares v. Frugoli*, 2017 WL 4150719 at \*9-10 (N.D. Ill. Sept. 19, 2017) (evidence of unrelated lawsuits were not "germane to Plaintiffs' claims, and given that the evidence would likely be unduly prejudicial and could confuse the jury[.]") (citing *Shea v. Galaxie Lumber & Const. Co.*, 1996 WL 111890, at \*1 (N.D. Ill. Mar. 12, 1996) (excluding evidence of unrelated lawsuits against defendant under Rules 404(b) and 403); *Caldwell v. City of Chi.*, 2010 WL 380696, \*3 (N.D. Ill., Jan. 28, 2010) (barring evidence of unrelated police misconduct).

Any testimony, evidence, or references regarding a CR investigation, an internal investigation with the Chicago Police Department, or lack thereof any investigation is not relevant to the claims at issue in this case because the question at trial is whether Individual City Defendants violated Plaintiff's rights, "not whether they violated standards of professional conduct." *Saunders v. City of Chi.*, 320 F.Supp.2d 735, 739 (N.D. Ill. June 10, 2004). Further, such evidence is unduly prejudicial and should be barred under Fed. R. Evid. 403 in that it could be used to improperly suggest the Individual City Defendants committed internal professional misconduct within the Chicago Police Department, which will confuse and mislead the jury to equating that to unconstitutional conduct. *Id.* As such, Individual City Defendants respectfully request this Court to enter an order barring any testimony, evidence, or reference to any CR investigation or lack thereof relating to this case.

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO HAVE EQUAL TRIAL TIME AS PLAINTIFFS

Individual City Defendants must be allotted an equal amount of trial time as Plaintiffs to ensure a fair trial for all parties involved. Individual City Defendants anticipate Plaintiff taking excessive time during their case in chief such that it will eat into Individual City Defendants time to present their case. It is only fair that each side be given an equal opportunity to present their respective positions. As such, Individual City Defendants respectfully request the Court to enter an order limiting each party to an equal amount of trial time. *See*, *e.g.*, *MCI Commc'ns Corp. v. AT&T*, 708 F.2d 1081, 1171 (7th Cir. 1983) (district courts must exercise strict control over the length of trials and are therefore may set reasonable deadlines in advance and hold the parties to them).

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE ANY USE OF THE TERMS "CODE OF SILENCE," "BLUE WALL," AND OTHER SIMILARLY PREJUDICIAL TERMS

Individual City Defendants move *in limine* to exclude any use of the terms "code of silence," "blue wall," and other similar generalizations or terms relating to the Chicago Police Department ("CPD") and their officers. Generalizations or terms, such as "code of silence" and "blue wall," relating to the conduct of the CPD, and any generalized evidence related to such terms, must be excluded due to their prejudicial effects and potential influences on the jury. Evidence must be relevant to be admissible, but not all relevant evidence is admissible. Fed. R. Evid. 402; *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014) (en banc). Evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, terms like "code of silence" and "blue wall" are not relevant because they do not have any tendency to make

5

any fact of consequence to the jury's determination of the issues more or less probable and such terms do not aid the jury in assessing the credibility of any witness.

Even if such terms were relevant, the Court should nonetheless exclude their use because the prejudicial effect of allowing the jury to hear such terms substantially outweighs the minimal probative value such terms may add to this trial. Fed. R. Evid. 403; *Bennett v. Thomas*, No. 12-CV-6060, 2014 WL 13110820, at *10 (N.D. Ill. Jan. 16, 2014) (J. Lefkow) (ordering that Plaintiff may not use the terms "code of silence" or "blue wall" as they are unduly prejudicial and may not introduce evidence or argue that law enforcement officers in general adhere to a "code of silence" or "blue wall" or seek to cover up misconduct in order to protect fellow officers). If the Court were to permit the use of such prejudicial terms, there is an undue risk that the jury would judge Individual City Defendants based on the perceived action or inaction of others. Such generalized allegations are not helpful and are impermissible propensity evidence. *Ratliff v. City of Chicago*, No. 10 C 739, 2012 WL 5845551, at *4 (N.D. Ill. Nov. 19, 2012) (J. Dow). Therefore, Individual City Defendants respectfully request the Court to enter an order excluding the use of, including any references, questioning, evidence, and arguments relating to, terms like "code of silence," "blue wall," and other similar generalizations or terms, and any evidence used to support such terms.

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO BAR REFERENCE TO SPECIFIC INSTANCES OF ALLEGED MISCONDUCT OF INDIVIDUAL CITY DEFENDANTS

By way of background, Individual City Defendants seek to bar any admission of evidence or exhibits in the form of complaint registers ("CRs"), past civil lawsuits, Summary Punishment Action Requests ("SPARs"), and other disciplinary matters that were exchanged during fact discovery, even if not identified as an exhibit in the Final Pre-Trial Order. The Court should

6

exclude such evidence as irrelevant, improper character evidence, improper hearsay evidence, and substantially more prejudicial than probative.

Fed. R. Evid. 404(b) "prohibits the admission of evidence of other crimes, wrongs, or acts for the purpose of proving a person's character or propensity to behave in a certain way[.]" *United States v. Gomez*, 763 F.3d 845, 852 (7th Cir. 2014) (en banc) (citing Fed. R. Evid. 404(b)). Specifically, the Seventh Circuit in *Gomez* announced a rules-based approach that first asks whether the other-act evidence is relevant under Fed. R. Evid. 401 and 402, and if, in the absence of a propensity inference, the proffered other-act evidence is relevant for a non-propensity purpose identified in Rule 404(b). 763 F.3d at 853. If the other-act evidence is relevant to a non-propensity purpose, the district court must then consider whether such relevance is outweighed by the myriad of issues enunciated in Rule 403, most notably unfair prejudice. *Id.* at 852–53. The Seventh Circuit has instructed district courts to "not just ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *Id.* at 856.

It is Plaintiffs' burden to demonstrate that evidence of Individual City Defendants' past disciplinary allegations "is supported by some propensity-free chain of reasoning." *Gomez*, 763 F.3d at 856 (citing *United States v. Lee*, 724 F.3d 968, 978 (7th Cir. 2013)). Furthermore, district courts "faced with Rule 404(b) evidence in the wrongful conviction context post-*Gomez* have accordingly limited the use of Rule 404(b) evidence at trial." *DeLeon-Reyes v. Guevara*, 2020 WL 1429521, at *3 (N.D. Ill. March 18, 2020); *see, e.g.*, *Harris v. City of Chicago*, No. 14 C 4391, 2018 WL 2183992, at *16–17 (N.D. Ill. May 11, 2018) (denying motion for new trial finding no error in barring prior bad acts evidence of defendant police officer under *Gomez*); *Gonzalez v. Olson*, No. 11 C 8356, 2015 WL 3671641, at *21–25 (N.D. Ill. June 12, 2015) (granting motion

7

*in limine* to bar a plaintiff's proposed 404(b) witnesses who would testify about a defendant police officer's prior bad acts).

Here, Plaintiffs have proffered multiple exhibits which contain CR files that were brought against Individual City Defendants. Following the approach set in *Gomez*, the first step is to determine whether the proffered evidence has any relevancy other than propensity reasons. Here, the CR files are irrelevant to the extent they involve other cases and complaints. Given the CR files are unrelated, they are only relevant for propensity purposes and not for any of the permitted uses under Rule 404(b)(2). Such evidence therefore is excludable under Rule 404(b), and any relevance of such evidence is substantially outweighed by the risk of unfair prejudice. *Gomez*, 763 F.3d at 852–53.

Further, CR files contain only *allegations* against Individual City Defendants, none of the CR files that Plaintiff is seeking to enter as evidence in this case contain any "sustained" findings. *Cazares v. Frugoli*, 2017 WL 4150719, *10 (N.D. Ill. Sept. 19, 2017) ("[T]he fact that an allegation is not sustained lessens its probative value."). Similarly, Plaintiffs and their counsel should be barred from bringing up past lawsuits brought against Individual City Defendants because it will lead to improper propensity inferences and such evidence is not relevant for non-propensity purposes.

Additionally, even if this Court finds that a non-propensity inference can be drawn from the proposed exhibits as well as other evidence of past alleged misconduct, the next step in the rules-based approach established in *Gomez* is to determine whether the relevance of such evidence is outweighed by the concerns listed in Fed. R. Evid. 403. *Gomez*, 763 F.3d at 852-53. It does not. Allowing the jury to hear evidence of past specific instances of misconduct would prejudice Individual City Defendants. It would also require Individual City Defendants to defend against the

unrelated, not sustained or unfounded CR allegations, resulting in trials within this trial, risking serious jury confusion. Fed. R. Evid. 403. *See Cazares*, 2017 WL 4150719 ("Even though the complaints are relevant without relying on a 'propensity inference,' they may still be excluded if they run afoul of Rule 403.") (citing *Gomez*, 763 F.3d at 856-57). "Other-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the jury will draw the forbidden propensity inference." *Gomez*, 763 F.3d at 857.

Additional Rule 403 factors— for example, the "danger of 'confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence'" (*Id*. at 857, n.4, *quoting* Fed. R. Evid. 403)—also support the exclusion of Plaintiff's proffered 404(b) evidence. Since the CR complaints were neither sustained nor substantially similar, they cannot survive the Rule 403-balancing test. *See Cazares*, 2017 WL 4150719 at *9-10 (evidence of unrelated lawsuits were not "germane to Plaintiffs' claims, and given that the evidence would likely be unduly prejudicial and could confuse the jury[.]") (citing *Shea v. Galaxie Lumber & Const. Co.*, 1996 WL 111890, at *1 (N.D. Ill. Mar. 12, 1996) (excluding evidence of unrelated lawsuits against defendant under Rules 404(b) and 403)); *Torres v. City of Chi.*, 2015 WL 12843889, at *7–8 (barring plaintiffs from using "unrelated complaint registers or other disciplinary proceedings involving the Individual City Defendants to show that the Individual City Defendants violated the plaintiffs' constitutional rights."); *Fox-Martin v. County of Cook*, 2010 WL 4136174, *2–3 (N.D. Ill., Oct. 18, 2010) ("probative value of the Deputy Sheriffs' disciplinary records is substantially outweighed by the danger of unfair prejudice and confusion of the issues"); *Caldwell v. City of Chi.*, 2010 WL 380696, *3 (N.D. Ill., Jan. 28, 2010) (barring evidence of unrelated police misconduct); *Moore v. City of Chi.*, 2008 WL 4549137, *5 (N.D. Ill., April 15, 2008) ("The motion to bar any evidence or testimony regarding unrelated complaint registers is

9

granted."). Accordingly, these proffered exhibits should be barred from being presented as evidence in this case.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE AND AGUMENT RELATING TO ANY OTHER INCIDENT OF ALLEGED POLICE MISCONDUCT IN THE MEDIA

Evidence of other police misconduct incidents in the media is irrelevant under Rule 401, excludable as substantially more prejudicial than probative under Rule 403, improper character evidence under Rule 404, and inadmissible hearsay under Rule 801. Fed. R. Evid. 401, 403, 404, 801. Other police-involved incidents unrelated to the matters in this case are irrelevant and are not probative to any fact of consequence in this case. Fed. R. Evid. 401. Further, evidence of police conduct unrelated to the Individual City Defendants has minimal probative value and is "highly inflammatory and prejudicial." *Pierce v. Ruiz*, 2016 WL 5912890, at *5, (N.D. Ill. Oct. 11, 2016); *see also*, *Bennett*, 2014 WL 13110820, at *8 (excluding any reference to unrelated police misconduct incidents). Introduction of such evidence serves only to unduly prejudice and inflame the jury sensationalized evidence of unrelated misconduct, which substantially outweighs any minimal probative value such evidence may have. *Id.;* Fed. R. Evid. 403. Further, such evidence will either be offered for its truth, and will be inadmissible hearsay evidence under Fed. R. Evid. 801 and 802, or it will be used for improper propensity purposes and will be improper character evidence under Fed. R. Evid. 404(b). Therefore, Individual City Defendants respectfully request the Court to enter an order excluding any evidence and argument relating to any other incident of police misconduct in the media or any other forum.

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE PASSAGE OF TIME BETWEEN THE INCIDENT AND THE TRIAL IN THIS CASE

Phrases such as Plaintiffs have been "waiting for their day in court," that this trial "was a long time coming," or any other phrases to the same effect, would be improper and unduly prejudicial under Rule 403. Fed. R. Evid. 403; *see*, *e.g.*, *Obrycka v. City of Chi.*, 2012 WL 4060293, at *2 (N.D. Ill. Sept. 14, 2012) (excluding Plaintiff from presenting evidence, argument, or comment about waiting for her day in court). Therefore, Individual City Defendants respectfully request the Court to enter an order excluding any testimony, evidence, or argument regarding the passage of time between the incident and the trial in this case; that Individual City Defendants or their attorneys or agents delayed trial; or any other evidence or argument to that effect.

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO ANY UNDISCLOSED WITNESSES OR OPINIONS

Individual City Defendants move *in limine* to exclude any evidence referring or relating to any witnesses, exhibits, or opinions not previously produced or disclosed during discovery or through Plaintiffs' disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(c); *Musser v. Gentiva Health Services*, 356 F.3d 751, 759–760 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.") Allowing the introduction of evidence that Plaintiff did not timely disclosed and/or produced would prejudice Individual City Defendants by inhibiting their ability to properly prepare for trial. Exclusion of such evidence at this stage would prevent gamesmanship, appearances of (or actual) unfairness, and "trial by ambush." *See*, *e.g.*, *Ty Inc. v. Softbelly's Inc.*, No. 00 C 5230, 2006 WL 5111124, at *6 (N.D. Ill. Apr. 7, 2006) (J. Lefkow).

11

Therefore, Individual City Defendants respectfully request the Court to enter an order excluding any evidence, exhibits, or opinions that were not previously disclosed prior to trial.

**INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 9 TO EXCLUDE LAY WITNESS TESTIMONY REGARDING PLAINTIFFS' ALLEGED PHYSICAL AND EMOTIONAL INJURIES**

As part of their supplemental Rule 26(a)(1) disclosures, Plaintiffs disclosed sixteen (16) different family members who Plaintiffs claim have knowledge regarding their alleged damages while prosecuted and incarcerated. As such, Individual City Defendants anticipate that Plaintiffs will call these lay witnesses to testify to their physical and mental injuries. While Plaintiffs may be permitted to call damages witnesses, the testimony of those witnesses should not cross the bounds of lay witness testimony and enter into expert opinion testimony regarding medical conditions for which these witnesses have no specialized knowledge or background to testify.

Any lay witness opinion regarding Plaintiffs' alleged physical and emotional injuries is outside the realm of lay witness testimony because it requires expert knowledge. Under Rule 701 of the Federal Rules of Evidence, a lay witness is limited to offering opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Where an injury "would not be obvious to a layman" and may have been "caused by a myriad of factors," expert testimony is required to establish causation. *Bennett*, 2014 WL 13110820, at *9–10 (citing *Myers* v. *Ill. Cen. R.R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010)). Matters concerning prognosis or the necessity for future treatment also require medical expertise outside of the lay person's realm of knowledge. *Id.* (citing *Brandon* v. *Vill. of Maywood*, 179 F. Supp. 2d 847, 859–60 (N.D. Ill. 2001)). Courts have thus generally held that lay persons may not testify as to any diagnosis or condition, and only about

12

their own perceptions, including the physical and emotional effects of the defendants' alleged conduct. *Id.* (citing *Cooper* v. *Dailey*, No. 07 C 2144, 2012 WL 1748150, at \*7 (N.D. Ill. May 16, 2012). As such, Plaintiffs should only testify as to their perception of their injuries, like any pain, fear, or anxiety experienced. *Id.* Other witnesses should only testify as to any physical conditions they observed, and not as to causation or medical diagnoses. *Id.* Therefore, Individual City Defendants respectfully request the Court to exclude any lay witness testimony regarding Plaintiffs' physical or emotional injuries.

**INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO POLICE PRACTICES WHICH INSINUATE WRONGDOING BUT WHCH ARE CONSTITUTIONAL**

Individual City Defendants hereby move *in limine* to preclude Plaintiffs from offering any evidence or argument suggesting that legally permissible police tactics—such as interviewing juvenile suspects, conducting an interview in a custodial setting, aggressively questioning a suspect or witness, asking accusatory questions, and even lying to a suspect—are suggestive of wrongdoing by Individual City Defendants. For example, police officers often utilize tactics during criminal investigation like false evidence ploys. Although an uninformed jury may believe that deceit by the police in a custodial interview context is impermissible, such police tactics are constitutional. *See*, *e.g.*, *United States v. Kontny*, 238 F.3d 815, 817 (7th Cir. 2001) (noting trickery, deceit, and even impersonation do not render a confession inadmissible, certainly in noncustodial situations and usually in custodial ones as well, unless government agents make threats or promises."); *see also*, *U.S. v. Ceballos*, 302 F.3d 679, 694–95 (7th Cir. Aug. 27, 2002) (noting officers may "actively mislead" defendants to obtain a confession, "so long as a rational decision remains possible."). Plaintiffs even concede in their response to Defendants' summary judgment motion that "it is true, as Defendants contend, that simply yelling at a witness and

threatening the witness might not amount to fabrication." (Dkt. 230 at pp. 8-9). To prove a confession was involuntary, Plaintiffs must show that the police engaged in coercive—not merely deceitful, but unconstitutional—practices. *Dassey v. Dittmann*, 877 F.3d 297, 303 (7th Cir. 2017). Actual involuntariness is completely irrelevant if it is not the product of some illegal conduct by the police. *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994).

For example, Individual City Defendants anticipate that Plaintiffs may make arguments and ask questions in the same vein as the following "summary of facts" which Plaintiffs advanced in their global response to Defendants' summary judgment motions [Dkt. 230 at pp. 4-7] and in Plaintiffs' Statement of Additional Facts ("PSOF") in response to summary judgment [Dkt. 227]:

- Police handcuffed Marcus Marinelli and took him into custody, telling his mother he had killed his friend. (PSOF at ¶ 11)
- Marinelli was handcuffed to the wall in an interrogation room for the duration of his time at Area One. (PSOF at ¶ 12)
- Defendants Zalatoris and Breen drove Johnitta Griffin to Area One without her consent. (Dkt. 230 at p. 4)
- Defendants Zalatoris and Breen told Griffin that she set Collazo up to be assaulted. (Dkt. 230 at p. 4)
- Defendants Zalatoris and Breen told Griffin that she was lying and that when they came back, she had better have something for them. The detectives insisted that she had facilitated the kidnapping and murder of Collazo. (PSOF at ¶ 21)
- When John Fulton was arrested, he was handcuffed and told that he was being transported to the police station for investigation into a jewelry robbery. (PSOF at ¶ 36)
- Defendants Zalatoris and Breen told Fulton that he, Mitchell and Shaw used information from Griffin to intercept, abduct and murder Collazo. (Dkt. 230 at p. 5)
- After Fulton was arrested, Defendant Girardi told him that his car looked like the car implicated in the crime. (PSOF at ¶ 38)
- Defendants Zalatoris and Breen told Shaw that he and Plaintiffs had abducted the victim, beaten him, and set his body on fire. (Dkt. 230 at p. 6)
- Defendant Zalatoris screamed at Mr. Fulton and called him a liar. PSOF at ¶ 43
- Detectives told Mr. Mitchell that Mr. Fulton had implicated him, and they let him read the paperwork concerning Mr. Fulton's purported statements. PSOF at ¶ 78.

These examples of "facts" emphasized by Plaintiffs are in actuality valid and lawful police tactics that do not amount, in and of themselves, to unconstitutional conduct. Similarly, Plaintiff may

14

attempt to argue that it was somehow wrongful for Defendants to continue interviewing Plaintiffs after they initially denied killing Collazo and for Individual City Defendants to stop investigating after Plaintiffs confessed and criminal charges were approved by prosecutors. (Compl. at ¶¶ 41, 42 [Dkt. 1]) Such actions during a police investigation are constitutional, and therefore evidence of that conduct has no probative value and is irrelevant. Fed. R. Evid. 401, 402. Furthermore, such argument would only serve to unfairly prejudice Individual City Defendants, to confuse the issues, and to mislead the jury, and is therefore excludable under Rule 403. Fed. R. Evid. 403.

Finally, it is expected that Plaintiffs' counsel will make much hay of the ages of the persons they questioned regarding Collazo's murder, and will imply that the interviews were improper due to the fact that they were "kids" or "teenagers" or the like, and ranged in age from 15 to 18. Just because Johnitta Griffin was 17 years old, Mitchell was 17 years old, Fulton was 18 years old and Shaw was 15 years old at the time of the murder does not mean that interviewing them at these ages in and of itself amounted to constitutional wrongdoing by the police. Therefore, Individual City Defendants respectfully request the Court to enter an order excluding inference and argument suggesting that use of the constitutional police practices discussed above are in and of themselves suggestive of wrongdoing on their part.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 11 TO EXCLUDE EVIDENCE AND ARGUMENT THAT ANY POLICE OFFICER FALSELY TESTIFIED OR PROVIDED MISLEADING TESTIMONY AT PLAINTIFFS' CRIMINAL TRIALS OR DURING ANY CRIMINAL PROCEEDINGS

Witnesses in a criminal trial, including police officers testifying for the prosecution, have absolute immunity from a later suit under 42 U.S.C. § 1983 based on their alleged perjury. *Khorrami v. Rolince*, 539 F.3d 782, 789 (7th Cir. 2008) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983). It follows that any argument, testimony, references, or suggestions to the effect that a police officer provided false or misleading testimony at Plaintiffs' criminal trials or related

15

proceedings is irrelevant and has no probative value. Even if it were relevant, the Court should exclude it under Rule 404(b) as inadmissible propensity evidence and/or under Rule 403 because it confuses the issues, misleads the jury, and is highly prejudicial in that it suggests—without any basis—that Plaintiff's conviction and subsequent habeas relief were based on perjured testimony and that the Individual City Defendants were and are lying. Fed. R. Evid. 403, 404(b).

Finally, to allow such substance-less theories of perjurious testimony would violate the principles set forth by the U.S. Supreme Court to protect judges, prosecutors, and witnesses. *Briscoe*, U.S. at 345 (extending to witnesses the protections recognized in *Imbler v. Pachtman*, 424 U.S. 409, 429, (1976) (recognizing absolute immunity for prosecutors under § 1983 even though it may leave the genuinely wronged defendant without civil redress for malicious or dishonest action that deprives him of liberty) and *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (recognizing the absolute immunity of judges from liability for damages for acts committed within their judicial jurisdiction even when the judge is accused of acting maliciously and corruptly)).

For example, Plaintiffs may attempt to argue at trial that Individual City Defendants lied during their testimony at the underlying criminal trial when they testified that they did not make any false promises of leniency or make any threats to Plaintiffs or Johnitta Griffin to coerce implicating statements from them. Plaintiffs may also attempt to argue at trial that Individual City Defendants James Breen and John Zalatoris presented false testimony during Plaintiffs' motion to suppress hearings because they did not initially provide testimony about taking John Fulton to Defendant Officer Robert Bartik for a polygraph exam. Plaintiffs should be barred from presenting these arguments or any similar arguments because Individual City Defendants have absolute immunity for their prior criminal trial testimony and such an argument would be substantially more prejudicial than probative. Therefore, Individual City Defendants respectfully request the Court to

16

enter an order excluding any evidence and argument to the effect that any witnesses falsely testified at Plaintiffs' criminal trials or during any related criminal proceedings.

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 12 TO PRECLUDE PLAINTIFFS FROM REFERRING TO THEMSELVES, SHAW, OR GRIFFIN AS "KIDS" OR OTHER SIMILAR TERMS DESIGNED TO EVOKE LENIENCY

Individual City Defendants move this Court *in limine* to bar Plaintiffs, their attorneys, and any witnesses from making any reference to Plaintiffs, Antonio Shaw, and Johnitta Griffin as "children," "kids," "minors," "teenagers," or any other similar diminutive terms implying they should be treated in an especially lenient manner.

Referring to Plaintiffs, Griffin, and Shaw in such terms is impermissible because doing so is inconsistent with the law under which they were charged as adults and is intended only to enflame the jury or garner undue sympathy. Such references provide no evidentiary value but are highly prejudicial to Defendants. Fulton was 18 years old, Mitchell and Griffin were 17 years old, and Shaw was 15 years old when the murder underlying this case occurred on March 10, 2003, therefore, they were legally adults in the eyes of the Illinois justice system. *See* 705 ILCS 405/5-120 (P.A. 90-590, eff. Jan. 1, 1999) (those 17 years or older are under the jurisdiction of the adult criminal courts for any charge); 705 ILCS 405/5-130(1)(a) (P.A. 92-665, eff. Jan. 1, 2003) (those 15 years old or older charged with first-degree murder are under the jurisdiction of the adult criminal courts); Fulton Dkt. 1 ¶¶ 37, 59; Mitchell Dkt. 1 ¶¶ 10, 59. Thus, use of such diminutive terms would be an intentional misrepresentation of the law and the fact and could only be offered to evoke sympathy.

The Court in its discretion may exclude evidence if the probative value is substantially outweighed by the probability that its admission will create substantial danger of undue prejudice or mislead the jury. Fed. R. Evid. 403. "Evidence is unfairly prejudicial only if it will induce the

17

jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *United States v. Hicks*, 368 F.3d 801, 807 (7th Cir. 2004). Here, use of the language of "child," "kid," "minor," or "juvenile" implies that Plaintiffs, Shaw, and Griffin were not considered adults for purposes of criminal prosecutions. The language will be used solely to evoke sympathy and does not accurately reflect the law. There is likely to be juror confusion when those terms are used, implying that the Individual City Defendants should have arrested or charged them as minors or somehow followed laws that applied to those under the jurisdiction of juvenile court.

"Evidence is unfairly prejudicial where 'its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Barber v. City of Chi.,* 725 F.3d 702, 714 (7th Cir. 2013) (quoting Thompson v. City of Chicago, 472 F.3d 444, 456–57 (7th Cir. 2006)); *United States v. Adames*, 56 F.3d 737, 746 (7th Cir. 1995) (Using terms simply to evoke sympathy from the jury in improper). In *Adames*, a criminal defendant sought to introduce videotapes showing his children. *Id*. The Court excluded the video because it was not relevant, but highly prejudicial. The court found the videos were "emotionally charged and may have induced the jury to feel sympathy for [the defendant] or his children, emotional reactions that should not factor into the jury's decision." Here, just as in *Adames*, references to Plaintiffs, Griffin, and Shaw as minors, juveniles, children or kids are irrelevant and solely intended to enflame the jury, especially considering they were legally adults.

Plaintiffs and Griffin were adults under Illinois criminal law when this crime was committed. Since Plaintiffs and Griffin were legally adults, referencing Plaintiffs and Griffin in such a manner deliberately misconstrues the facts, it will only be done to elicit sympathy from the

jury. Furthermore, even though Shaw was not considered an adult under Illinois law, referring to him as a kid or any other similar term would be solely to garner sympathy and induce the jury to decide the case on an emotional basis instead of based on the facts. As such any references of this kind would be unduly prejudicial and would confuse the issues in this case.

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 13 TO EXCLUDE ANY EVIDENCE AND ARGUMENT RELATING TO PREVIOUSLY DISMISSED INDIVIDUALS

The Court previously dismissed various individuals from this litigation including Brian Skora, Michael Schmitz, Michael Kennedy, Estate of Richard Cervanka, Detective Aguirre, Leonard Rolston, and Jacob Rubinstein. Since the claims against the dismissed individuals were insufficient to survive dismissal, any further evidence relating to those claims and individuals which are unrelated to the surviving claims and defendants is irrelevant and inadmissible under Rule 402 and is excludable under Rule 403 as it has zero probative value and would only serve to confuse the issues and mislead the jury. Thus, the Court should exclude any evidence and argument solely relevant to the previously dismissed individuals. *See*, *e.g.*, *Lerman v. Turner*, No. 10 C 2169, 2014 WL 13110835, at *5 (N.D. Ill. June 20, 2014) (J. Lefkow).

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 14 TO BAR ANY EVIDENCE AND ARGUMENT RELATING TO OR SUGGESTIVE OF BURDEN-SHIFTING

Plaintiff may not offer evidence and argument resulting in or suggestive of burden-shifting, including that Individual City Defendants have any burden of proof as to the claims in this matter, any obligation to present evidence, that Defendants have failed to call an expert or present testimony during their case in chief, or that by choosing not to call a particular witness suggests that the Individual City Defendants are hiding evidence or somehow recognize or, worse, concede that such witness' testimony would be harmful to the defense of the case, or that if the Individual

City Defendants choose not to call a witness, regardless of whether or not that witness is under their control, reflects poorly on its case. In this trial, Plaintiffs have the burden of proof. Further, Plaintiffs will likely attempt to call every witness on the respective parties' witness lists (many of whom overlap) and will do so adversely, including the Individual City Defendants. The jury will be instructed that it should consider all the evidence, regardless of who introduces it and that the parties are not required to call people mentioned or discussed in the trial as witnesses. *See* Individual City Defendants' Proposed Jury Instruction No. 8, Dkt. No. 284-6 at 9. Any argument or suggestion that Defendants have somehow not put on defense must be barred. *See Gray v. City of Chicago*, No. 1:18-CV-02624, 2023 WL 7092992, at *15 (N.D. Ill. May 8, 2023) ("[Plaintiff] may not argue that the defense has the burden of proof; obviously, [Plaintiff] bears the burden."). Plaintiffs have the burden of proving their case. The Individual City Defendants do not carry the burden to support a verdict in their favor.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 15 TO BAR EVIDENCE OR ARGUMENT THAT NON-DEFENDANTS COMMITTED MISCONDUCT

Plaintiffs and their counsel should be barred from offering any evidence, testimony, or argument that any Chicago Police Department ("CPD") or City of Chicago personnel that are not current defendants in this lawsuit, committed misconduct in the underlying criminal investigation into the Collazo murder because it is not relevant and unduly prejudicial.

Barring Plaintiffs from insinuating that non-parties committed misconduct is in line with the case law within this jurisdiction. *See Fields v. City of Chicago*, No. 12 C 1306, 2018 WL 1652093, at *10 (N.D. Ill. Apr. 5, 2018) (barring plaintiff from presenting any "evidence or argument that any non-Defendant engaged in misconduct."); *Martin v. City of Chicago*, No. 15-CV-04576, 2017 WL 2908770, at *6–7 (N.D. Ill. July 7, 2017) (granting motion *in limine* to bar plaintiff "from introducing any testimony, evidence, or suggestion that any non-Individual City

20

Defendants, CPD personnel, or City employees engaged in misconduct or caused injury to" plaintiff because such evidence is "irrelevant" and would "caus[e] distractions and unfair prejudice to Defendants."); *Rodriguez v. City of Chicago*, No. 15 C 6290, 2017 WL 11885372, at *4–5 (N.D. Ill. Jan. 10, 2017) (barring plaintiff from "'insinuat[ing] that any non-Individual City Defendants committed misconduct, since there are no claims against any such officers in this case.'") (quoting *Ratliff v. City of Chicago*, No. 10 C 739, 2012 WL 5845551, at *3 (N.D. Ill. Nov. 19, 2012)).

This Court should follow the case law such misconduct is irrelevant and prejudicial. Allowing Plaintiffs to insinuate or suggest that other CPD or City personnel, have since been dismissed since the filing of this lawsuit, committed any sort of misconduct in this case or others has no relevancy to whether these Defendants committed misconduct and prejudices these Defendants by suggesting guilt by association. *Rodriguez*, 2017 WL 11885372 at *4–5. It misleads, confuses, and distracts the jury from the actual questions of liability being considered at trial. *Martin*, 2017 WL 2908770 at *6–7.

**INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 16 TO BAR ARGUMENT OR SUGGESTIONS THAT THE JURY SHOULD PUNISH OR "SEND A MESSAGE" TO THE CITY AND CPD BY ITS VERDICT AGAINST INDIVIDUAL CITY DEFENDANTS**

Plaintiffs' counsel should be barred from offering any sort of argument or suggestion that the jury should punish, admonish, warn, discourage, or send a message with their verdict or damages award to the City because it improperly suggests to the jury that it could award punitive or exemplary damages against the City which is barred by 745 ILCS 10/2-102. *See Jones v. City of Chi.*, 2017 WL 413613, at *4 (N.D. Ill. Jan. 31, 2017) (barring plaintiff from "suggest[ing] that the City should be punished, as such an argument could only be relevant to punitive damages, and the City cannot be liable for punitive damages.") (citing *Case v. Town of Cicero*, 2013 WL 5645780, at *10 (N.D. Ill. Oct. 16. 2023); *Obrycka v. City of Chi.*, 2012 WL 4060293, at *2 (N.D.

21

Ill. Sept. 14, 2012)); *Betts v. City of Chi.*, 784 F. Supp. 2d 1020, 1033 (N.D. Ill. May 13, 2011) (barring plaintiff "from any argument that the jury should 'send a message' to the City" because that "is a punitive damages argument" and "compensatory damages are limited to actual losses[.]"); *Caldwell v. City of Chi.*, 2010 WL 380696, *2 (N.D. Ill., Jan. 28, 2010) (granting defense's motion *in limine* to bar plaintiff "from arguing that the jury should punish, admonish, warn, discourage, or send a message to the City" because "such an argument would be inappropriate" pursuant to 745 ILCS 10/2-102).

Similarly, Plaintiffs should also be barred from offering any sort of argument or suggestion that the jury should punish, admonish, warn, discourage, or send a message to the Chicago Police Department with their verdict or damages award. *See Jones*, 2017 WL 413613 at *4 (plaintiff barred from "referencing sending a message or punishing the Chicago Police Department ("CPD"), as '[i]nvoking the department is tantamount to invoking the city itself.'") (quoting *Martinez v. City of Chi.*, 2016 WL 3538823, at *14 (N.D. Ill. June 29, 2016)). Further, any argument that the jury should utilize their verdict and/or damages award to "send a message" to the City and/or CPD is irrelevant under Fed. R. Evid. 401 and its purpose would solely be to inflame the passions of the jury. Fed. R. Evid. 403. As such, pursuant to 745 ILCS 10/2-102 as well as Fed. R. Evid. 401 and 403, any testimony, evidence, or argument suggesting the jury to "send a message" to the City or CPD must be barred.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 17 TO BAR PLAINTIFFS' COUNSEL FROM BREAKING UP DEFENDANTS CROSS EXAMINATION OF PLAINTIFFS

Individual City Defendants seek to have this Court enter an order prohibiting Plaintiffs' counsel from interrupting and/or breaking up the Defendants' cross examination of Plaintiffs John Fulton and Anthony Mitchell, or any other witness, into multiple sections or days by scheduling

22

other trial witnesses (including experts) to be presented while Defendants are in the middle of their cross-examination. Plaintiffs should not be allowed to introduce a new witness in the middle of the defense's cross-examination, as it disrupts the flow of questioning and can confuse the jury regarding the specific testimony of a witness. Once a witness takes the stand, the defense should be permitted to conduct a continuous examination without interruptions. This order is essential to ensure a fair trial for all parties involved. *See*, *e.g.*, *MCI Commc'ns Corp. v. AT&T*, 708 F.2d 1081, 1171 (7th Cir. 1983) (district courts must exercise strict control over the length of trials and are therefore may set reasonable deadlines in advance and hold the parties to them). The cross-examinations of Plaintiffs are critical components to the defense case. It is fundamentally unfair to permit Plaintiffs to engage in gamesmanship by scheduling their own expert witnesses to conflict with the cross-examinations of Plaintiffs by Defendants. As such, Individual City Defendants respectfully request the Court to enter an order prohibiting interruptions during the parties' cross-examinations of Plaintiffs or any other witness.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 18 TO BAR ANY AGRUMENT RELATING TO SUFFICIENCY OF UNDERLYING POLICE INVESTIGATION

Police officers are not required to conduct unending investigations; once probable cause is established, police may arrest a suspect without abrogating their investigative duties. *Anderer v. Jones,* 385 F.3d 1043, 1049 (7th Cir. 2004) ("once probable cause has been established, officials have 'no constitutional obligation to conduct any further investigation in the hopes of uncovering potentially exculpatory evidence'") (citation omitted). As such, even in Section 1983 cases that involve underlying accusations of misconduct, police officers cannot be liable for failing to take additional investigatory actions after coming to a reasonable probable cause determination. *Eversole v. Steele*, 59 F.3d at 718 (7th Cir. 1995) (holding detectives' reasonable belief in the

23

validity of evidence meant they were under no obligation to "conduct further investigation" or ask "any more questions.")

Plaintiffs intend to introduce evidence at trial that purports to show Individual City Defendants, after arresting Plaintiffs, failed to take further investigative actions. For example, Plaintiffs allege Individual City Defendants did not seek to have Plaintiff Fulton's car tested for Collazo's blood or DNA (Dkt. 1 at 50). Plaintiffs also allege Individual City Defendants, during the investigation, did not uncover evidence that later "emerged" after Plaintiffs' arrest, including travel logistics, phone records, and video evidence. *(Id.* at 78). In Plaintiff Fulton's Memorandum of Law in Support of Mr. Fulton's Verified Petition for Post-Conviction Relief, he cites "recently discovered expert evidence" from a Professor John Hagerdorn who opined that the La Raza street gang should have been investigated as suspects (page 27). The Court should exclude any evidence or argument to this effect because Individual City Defendants' duty to investigate ended once they established probable cause.

**INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 19 TO BAR ARGUMENT THAT THE ABSENCE OF DNA EVIDENCE AS PROOF OF POLICE MISCONDUCT**

As part of their fabrication theory, Plaintiffs allege Individual City Defendants "did not seek to have Plaintiff's car tested for Collazo's blood or DNA." (Dkt. 1 at 50). Plaintiffs suggest this is evidence of misconduct since, in Plaintiffs' allegedly false confessions, they admit to placing Collazo into Plaintiff Fulton's car trunk. *Id.* Plaintiffs' theory is that, because Individual City Defendants knew Plaintiffs' confessions were false, they never collected DNA or fingerprint evidence from Plaintiff Fulton's car. *Id.*

However, the Seventh Circuit has rejected such arguments. *King v. Hendricks Cty. Commissioners,* 954 F.3d 981, 986 (7th Cir. 2020). *King* held plaintiff's claim that a lack of

24

fingerprints was evidence of fabrication required making "far too great" of an inferential leap given that "no evidence is no evidence . . . not affirmative evidence" of police misconduct, especially in light of officer testimony to the contrary. *Id.* Like *King,* Plaintiffs' arguments here are based on speculation, not evidence. Plaintiff presents no affirmative evidence that Individual City Defendants, or anyone else, intentionally failed to recover DNA or fingerprint evidence from Plaintiff Fulton's car as part of a conspiracy to fabricate evidence. Instead, Plaintiffs' inferential leaps are based solely on conjecture. As such, any argument about a lack of DNA or fingerprint evidence should be excluded under Rule 401. *See*, *e.g.*, *Mitchell v. City of Chicago,* 862 F.3d 583, 587 (7th Cir. 2017) (granting defendant's motion *in limine* to exclude argument regarding a post-investigation "cover-up" that involved a lack of DNA evidence, finding the "lack of DNA evidence would not be relevant and the evidence was properly excluded.").

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 20 TO BAR EVIDENCE REGARDING ANY ALLEGED DEVIATION FROM CHICAGO POLICE DEPARTMENT INTERNAL POLICIES

Individual City Defendants move this Court *in limine* to bar Plaintiffs, their witnesses, and/or their counsel from offering any evidence, argument, or testimony relating to any alleged deviation from CPD internal policies by the Individual City Defendants. Such evidence is irrelevant, has no probative value, and would only act to impermissibly prejudice and confuse the jury. Fed. R. Evid. 401, 403; *see also Jones v. City of Chicago*, 2017 WL 413613, at *3 (N.D. Ill. Jan. 31, 2017) ("[T]his evidence would be of little relevance and a limiting instruction could not sufficiently cure the 'unnecessary and detrimental jury confusion' that would arise from the introduction of any breach-of-department-protocol evidence.") (quoting *Thompson v. City of Chicago*, 472 F.3d 444, 457 (7th Cir. 2006)).

25

It is well settled "that violations of the Chicago Police Department Rules and Regulations cannot establish proof that a defendant violated a plaintiff's constitutional rights." *Hill v. City of Chicago*, 2011 WL 3205304, at \*3 (N.D. Ill. July 28, 2011) (citing *Thompson*, 472 F.3d at 454-55). "[T]he Seventh Circuit 'has consistently held that 42 U.S.C. § 1983 protects plaintiffs from *constitutional violations*, not violations of … departmental regulations and police practices.'" *Id.* at \*3 (quoting *Thompson*, 472 F.3d at 454).

Additionally, Plaintiffs' *Monell* claims were bifurcated pursuant to an agreed motions between the parties. *See* Dkt. No. 185, 186. Accordingly, any evidence of general orders are not relevant to this trial. Fed. R. Evid. 401. Furthermore, such evidence only risks potentially misleading the jury and causing the jury to confuse the issues, thus unfairly prejudicing Individual City Defendants. *Bruce v. City of Chicago*, 2011 WL 3471074, at \*3 (N.D. Ill. July 29, 2011). Therefore, Plaintiffs should be barred from presenting any evidence, argument, or testimony that Individual City Defendants deviated from any internal policies.

## INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 21 TO BAR EVIDENCE OR ARGUMENT THAT ANTONIO SHAW'S CONFESSION WAS FABRICATED

Individual City Defendants move *in limine* to bar any evidence or argument that co-defendant Antonio Shaw's confession was fabricated by Individual City Defendants. Individual City Defendants anticipate that Plaintiffs will argue at trial that Shaw's handwritten statement implicating himself, Fulton, and Mitchell in Collazo's murder was fabricated to support their claims of fabrication. However, Shaw's statement was never introduced against Plaintiffs at their criminal trials because it was suppressed, and so Plaintiffs' fabrication claims cannot be based on Shaw's confession. *See Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014) ("if the evidence hadn't been used against the defendant, he would not have been harmed by it, and without a harm there is, as we noted earlier, no tort"); *see also Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th

26

Cir. 2020) ("If fabricated evidence is later used at trial to obtain a conviction, the accused may have suffered a violation of his due-process right to a fair trial") (citing *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019)).

Individual City Defendants asserted this very argument as part of their summary judgment motion to dismiss Plaintiffs' fabrication claims. (*See* Dkt. No. 202 at 45-46). In its opinion and order, the Court dismissed Plaintiffs' fabrication claim based on Shaw's statement against Defendant Andrew Varga. (*See* Dkt. No. 256 at 50). However, the Court did not address in its ruling whether Plaintiffs' fabrication claim based on Shaw's statement was dismissed against Individual City Defendants. (*See* Dkt. No. 256 at 45-48). The fair understanding of the Court's ruling is that Shaw's statement cannot be the basis for Plaintiffs' fabrication claims. However, out of an abundance of caution, Plaintiffs should be barred from arguing that Shaw's confession was fabricated as support for their fabrication claims.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 22 TO BAR ALL REFERENCES TO POLICE OFFICERS NOT MAKING ELECTRONIC RECORDINGS OF INTERVIEWS

Individual City Defendants move this Court *in limine* to exclude all evidence relating to the lack of electronic recordings of interviews that occurred prior to July 18, 2003. In Illinois, police were not legally required to electronically record custodial interrogations until July 18, 2003. 725 ILCS 5/103–2.1(b) (2003). On July 18, 2003, the Ninety-Third Illinois General Assembly effectuated legislation to encourage recording of custodial interviews by making statements from custodial interrogations that were not electronically recorded presumptively inadmissible in homicide cases and providing police officers with funding for and training on the technology used to electronically record interrogations. 20 ILCS 3930/7.5(a) (2003); 50 ILCS 705/10.3 (2003). It is undisputed that CPD did not electronically record suspects in custody, as

27

they do now, during the Collazo homicide investigation. It was not required by CPD during the Collazo homicide investigation, and there was no legal requirement to record Fulton's and/or Mitchell's time at the police station or the interviews conducted by officers or ASAs working at the station.

Because the underlying criminal investigation took place in March 2003, prior to the above referenced legislation, Illinois police departments were neither under the legal requirement to electronically record interrogations, nor were they provided with state funding and training to make such recordings. Consequently, the Court should exclude all evidence or argument suggesting to the jury that the Defendant Officers should have recorded the interviews or suggesting to the jury that there was a deliberate choice by any of the Defendant Officers to not record the interviews. This type of argument and information is irrelevant to the parties' claims and/or defenses and unduly prejudicial under Rule 403 because referencing a lack of electronic recordings suggests the Individual City Defendants engaged in misconduct because of the absence of a contemporaneous video footage of the interviews.

### INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 23 TO BAR REFERENCE TO HOW THE CITY OF CHICAGO TRAINS, DISCIPLINES, MONITORS, OR CONTROLS POLICE OFFICERS

Individual City Defendants move this Court *in limine* to bar any reference to how the City of Chicago trains, disciplines, monitors, or otherwise controls its police officers. Plaintiffs' *Monell* claims are bifurcated (*see* Dkt. No. 186); therefore, the only claims proceeding to trial are the claims alleged against Individual City Defendants and Cook County Defendants. Further, no *Monell* discovery was conducted in this case. Such information is not relevant to the issues in this case, is highly prejudicial, and would only serve to confuse the jury on the actual issues.

28

Accordingly, Plaintiffs should be barred from eliciting testimony or introducing evidence regarding the City or how the City trains, monitors, controls, and/or disciplines its police officers.

## CONCLUSION

WHEREFORE, Individual City Defendants respectfully request that Plaintiffs and his witnesses and attorneys be ordered not to mention, refer to, adduce, introduce any evidence concerning, or attempt to convey to the jury at any time during this trial the subject matter as stated above, and for any other relief this Court deems just and proper.

Dated: December 18, 2024

Respectfully submitted,

INDIVIDUAL CITY DEFENDANTS

*/s/ Natalie Y. Adeeyo*
Shneur Nathan, Avi Kamionski,
Natalie Adeeyo & Breana Brill
Special Assistant Corporation Counsel
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, Illinois 60661
(312) 612-2255
snathan@nklawllp.com
akamionski@nklawllp.com
nadeeyo@nklawllp.com
bbrill@nklawllp.com

*Attorneys for Individual City Defendants*

29

## CERTIFICATE OF SERVICE

I, Natalie Adeeyo, an attorney, hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

*/s/ Natalie Adeeyo*