**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | 20-cv-3118 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| ROBERT BARTIK, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ANTHONY MITCHELL, | ) | |
| | ) | 20-cv-3119 |
| Plaintiff, | ) | |
| | ) | Judge Lefkow |
| v. | ) | |
| | ) | Jury Trial Demanded |
| ROBERT BARTIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL CITY DEFENDANTS' MOTION *IN LIMINE* NO. 46 TO ADMIT
FULTON'S TESTIMONY THAT HE WAS SUED BY CHRISTOPHER COLLAZO'S
ESTATE AND THAT FULTON MADE A PAYMENT
<u>AS A RESULT OF THAT LAWSUIT</u>**

Individual City Defendants, by and through their undersigned counsel, move this Court *in limine* to Plaintiff John Fulton was sued by Christopher Collazo's estate for wrongful death, and that Fulton made a payment to Collazo's estate as part of that lawsuit. In support of its motion, Individual City Defendants state as follows:

By way of background, during Plaintiff John Fulton's September 19, 2022, deposition taken in this matter, Fulton testified that at the end of that wrongful death lawsuit, he paid $400,000 to Madilen Mercado, the executor of Christopher Collazo's estate, because it "was in my best

1

interest." (September 19, 2022, Deposition of John Fulton, attached hereto as Ex. 1 at 26:4-19; 34:3-13).

Under Fed. R. Evid. 408, "evidence from compromises or compromise negotiations 'to prove liability for or invalidity of the claim or its amount'" is inadmissible. *Sunstar, Inc. v. Alberto-Culver Co.*, No. 01 C 0736, 2004 WL 1899927, at *29 (N.D. Ill. Aug. 23, 2004) (quoting Fed. R. Evid. 408). However, Rule 408 does not contain "an absolute ban on all evidence regarding settlement negotiations." *Donovan v. Quade*, 830 F. Supp. 2d 460, 470 (N.D. Ill. 2011). Rather, "[c]ourts have admitted evidence of offers or agreements to compromise for purposes other than liability, such as to show bias or prejudice of a witness; rebuttal; impeachment; to show knowledge or intent; to show a continuing course of reckless conduct; and to prove estoppel." *Id.* In fact, the Tenth Circuit has commented on Fed. R. Evid. 408, stating that "[r]ead literally, the rule does not appear to cover compromises and compromise offers that do not involve the dispute that is the subject of the suit, even if one of the parties to the suit was also a party to the compromise." *Bradbury v. Phillips Petroleum Co.,* 815 F.2d 1356, 1363 (10th Cir.1987); *see also United States v. McCorkle*, 1994 WL 329679, at *2 (N.D. Ill. July 7, 1994) ("[ ]Rule 408 does not bar settlement information in one case from admissibility in another case."); *Towerridge, Inc. v. T.A.O., Inc.,* 111 F.3d 758, 770 (10th Cir.1997) ("Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated."). Courts, in determining whether to exclude evidence of settlements under Rule 408, "must consider the spirit and purpose of the rule and decide whether the need for the settlement evidence outweighs the potentially chilling effect on future settlement negotiations." *Zurich American Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005).

Here, Defendant Officers seek to admit John Fulton's deposition statements that he resolved the wrongful death lawsuit brought against him by making a $400,000 payment to Collazo's estate because it is relevant to the jury's determination of Plaintiff Fulton's claim that he was wrongfully arrested for the murder of Christopher Collazo as well as the jury's determination of Defendant Officer liability and potentially damages. Plaintiff Fulton claims that he was not in any way involved in the murder of Collazo however Individual City Defendants seek to introduce evidence of his payment to Collazo's estate and his statement during his deposition that he made the payment because it was in his "best interest" to dispute Plaintiff Fulton's claim.

Fulton's statement was made during his deposition in this matter, not during settlement negotiations for the wrongful death suit. Further, the settlement of the wrongful death suit is a claim different from the claims currently being litigated in this matter. *Towerridge, Inc.*, 111 F.3d at 770; *McCorkle*, 1994 WL 329679 at *2. Last, there is no evidence that Fulton's settlement in the wrongful death suit or his statements made during his deposition will have a chilling effect on settlement negotiations in this matter. As such, since Fulton's statements that he paid Collazo's estate $400,000 for the wrongful death of Collazo is relevant to the jury's determination of Defendant Officer liability in this case, evidence of the wrongful death suit settlement and Fulton's statements should be admitted into evidence.

WHEREFORE, Individual City Defendants respectfully request this Court to move *in limine* to admit testimony and evidence that Plaintiff John Fulton was sued by Christopher Collazo's estate for wrongful death, and that Fulton made a payment to Collazo's estate as part of that lawsuit, and for any other relief this Court deems just and proper.

Dated: December 18, 2024                    Respectfully submitted,

                                            */s/ Natalie Y. Adeeyo*
                                            Shneur Nathan (snathan@nklawllp.com)

3

Avi Kamionski (akamionski@nklawllp.com)
Natalie Adeeyo (nadeeyo@nklawllp.com)
Breana Brill (bbrill@nklawllp.com)
John Cerney (jcerney@nklawllp.com)
Special Assistants Corporation Counsel
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, IL 60661
(312) 957-6639

*Attorneys for Individual City Defendants*

## CERTIFICATE OF SERVICE

I, Natalie Adeeyo, an attorney, hereby certify that on December 18, 2024, I caused the foregoing document to be filed with the Court's CM/ECF system, which provided electronic notice and a copy of the same to all counsel of record.

*/s/ Natalie Y. Adeeyo*