IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FULTON, | ) | Case No. 20-cv-3118 |
| | ) | |
| *Plaintiff*, | ) | Hon. Joan H. Lefkow |
| | ) | District Judge |
| *v.* | ) | |
| | ) | Hon. Maria Valdez |
| ROBERT BARTIK, *et al*. | ) | Magistrate Judge |
| | ) | |
| *Defendants.* | ) | JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| ANTHONY MITCHELL, | ) | Case No. 20-cv-3119 |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | [Consolidated with *Fulton v. Bartik* |
| *v.* | ) | for pre-trial purposes] |
| | ) | |
| ROBERT BARTIK, *et al*. | ) | |
| | ) | |
| *Defendants.* | ) | JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION TO BAR SANDRA NAVARRO FROM TESTIFYING

Defendants seek to call former ASA Sandra Navarro to repeat Johnitta Griffin's testimony before the grand jury. In so doing, Defendants seek an end run on this Court's previous ruling that they cannot belatedly designate Griffin's previous testimony when she was not confronted with it at her deposition. Moreover, any such testimony from Navarro would be cumulative - the jury has heard Griffin's testimony, Nazarian's take on Griffin's testimony, and Griffin's handwritten statement, which is substantially the same as her grand jury testimony. Furthermore, Navarro's testimony on this point constitutes inadmissible hearsay with no applicable exception. Because Navarro's expected testimony is hearsay, cumulative, violates the spirit of this Court's

1

prior order barring Defendants from introducing Griffin's trial testimony, and provides little probative value, if any, this Court should bar Navarra as a witness.

Navarro played a minimal role in this case. She presented Griffin to testify before the grand jury on March 14, 2003, after Griffin signed a handwritten statement authored by ASA Rubinstein. Ex. 1. In response to questioning by Navarro, Griffin repeated the content of her handwritten statement before the grand jury.

Defendants baldly plan to elicit Griffin's grand jury testimony (which is entirely consistent with her handwritten statement already in evidence) from Navarro. Specifically, Navarro will testify that Griffin stated to the grand jury that she made two phone calls to Mr. Fulton on March 9, 2003 telling him where to find Christopher Collazo. Navarro will also testify that Griffin told the grand jury that Collazo would be on Foster at approximately 9:30pm. Defendants may try to elicit additional grand jury testimony from Griffin. The statements are further inadmissible because they are cumulative and it is improper for Navarro to provide her account of Griffin's hearsay statements that replicate evidence the jury has already seen.

### A. No hearsay exception applies

Grand jury statements are hearsay, and here, no exception applies. For the reasons Plaintiffs already explained in response to Defendants' prior motion to admit Griffin's testimony from the 2006 criminal trial (Dkt. 425), Griffin's prior testimony is inadmissible under Federal Rule of Evidence 804. *See* Trial Tr. Vol. 5 at 1024-1025 (barring Defendants from designating Griffin's 2006 trial testimony). Specifically, Defendants cannot admit Griffin's grand jury testimony under FRE 804(b)(1) because Plaintiffs, who were not present at the grand jury

2

hearing, had no opportunity to "to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B).

Griffin's grand jury testimony is likewise inadmissible under Federal Rule of Evidence 801(d)(1), which provides that a statement is not hearsay if "the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." Fed. R. Evid. 801(d)(1)(A). Since grand jury hearings are ex-parte, Griffin was not subject to cross-examination by Plaintiffs. Moreover, Federal Rule of Evidence 613(b) states that "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." As this Court already recognized, Defendants had the opportunity to cross-examine Griffin with her grand jury statements and letting them do so now would prejudice Plaintiffs. *See* Trial Tr. Vol. 5 at 1024.

At her deposition in this case, when Griffin asserted that her statements regarding arranging the abduction of Collazo were false and the result of coercion, Defendants had their opportunity to introduce her grand jury statements as prior inconsistent statements or otherwise impeach her with those statements. *See United States v. DeMarco*, 784 F.3d 388, 394 (7th Cir. 2015). Their failure to do it then, when she had "an opportunity to explain or deny the statement" and when Plaintiffs could have examined her about it, means that they cannot now introduce Griffin's grand jury hearsay statements through Navarro.

Griffin's grand jury statements are also inadmissible under FRE 801(d)(1)(B) as a prior consistent statement. To be admissible under Rule 801(d)(1)(B) and *Tome v. United States*, 513

3

U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), a prior consistent statement "offered to rebut charges of fabrication must have been made before the motive to fabricate arose." *United States v. Echols*, 104 F.4th 1023, 1025 (7th Cir. 2024). In other words, if Defendants seek to admit Griffin's grand jury statements through Navarro simply to rebut Plaintiffs' allegation that Griffin's statement to Rolston and Rubinstein is fabricated, Defendants first have to show that the statement was made *before* her motive to fabricate arose. This is because a prior consistent statement is "admissible if the statement had been made before the alleged fabrication, influence, or motive came into being, but it [is] inadmissible if made afterwards." *Tome*, 513 U.S. at 156. Here, Griffin's grand jury statements were given *after* her motive to fabricate arose, to wit, the coercive interrogation on March 13, 2003 to March 14, 2003 by Zalatoris and Breen that ultimately led to her providing a fabricated statement to Rubinstein. Griffin's hearsay statements are consequently inadmissible under this exception as well.

Finally, even the residual hearsay exception is inapplicable here. The Seventh Circuit has held:

> Since grand jury transcripts do not come within one of the specific hearsay exceptions in Rule 804, they are admissible if at all only under the stringent criteria of 80[7], the catch-all provision, which requires, so far as is relevant here, both 'circumstantial guarantees of trustworthiness' equivalent to those of hearsay statements within the specified exceptions and that the statement be 'more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts.'"

*United States v. Boulahanis*, 677 F.2d 586, 588 (7th Cir. 1982) (internal citation omitted). In this case, neither condition is met. Griffin provided her statement following what Plaintiffs allege was a coercive interrogation, in which she was taken by Defendants Zalatoris and Breen to the police station late in the evening of March 13, 2003, without her parents or guardians being notified of that fact and told that she would be charged with aiding in the murder of Christopher

4

Collazo if she did not inculpate Plaintiffs. After finally relenting to the pressure placed on her by Defendants Zalatoris and Breen, Griffin provided the statement the detectives wanted. *See* Ex. 1. In other words, Plaintiffs contend that Griffin's grand jury statements were fabricated and cannot have "circumstantial guarantee of trustworthiness." *Id*. Even if the Court determines her statements are trustworthy, Defendants have not—and cannot—show that Griffin's hearsay statements are more probative on the points they are trying to prove here, namely that she called John Fulton twice on March 9, 2003 and told him to pick Christopher Collazo up on Foster at 9:30pm. This is particularly true given that Griffin's handwritten statement, recorded by Rubinstein and Rolston, is already in evidence and has been shown to the jury repeatedly. There is no need for Defendants to resort to *another* witness' account of Griffin's hearsay statements for this offer of proof.

### B. Navarro's testimony about Griffin's statements is cumulative

Notwithstanding that Griffin's grand jury statements are hearsay and inadmissible under any hearsay exception, the testimony should be kept out because it is cumulative. Fed. R. Evid. 403. "Concerns about trial efficiency may fit under various Rule 403 headings: confusion of the issues, undue delay, waste of time, and needless presentation of cumulative evidence. 'Litigants are not entitled to burden the court with an unending stream of cumulative evidence.'" *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) (quoting *MCI Commc'ns Corp. v. AT&T Co*., 708 F.2d 1081, 1171 (7th Cir. 1983)). Defendants seek to have Navarro repeat what Griffin testified to before the grand jury. Griffin, who testified in this trial, has already told this jury what she said to the grand jury. In addition, Griffin's statements before the grand jury comport with her statement recorded by Rubinstein. *See* Ex. 1. Nazarian testified that Griffin's handwritten

statement was admitted at the criminal trial, so there can be no risk that the jury is unaware of the evidence presented at the underlying criminal trial regarding Griffin's statements.

This trial has been ongoing for more than three weeks, and this jury is well aware that Griffin falsely stated that she called Fulton twice on March 9, 2003 and told him to meet Collazo on Foster at 9:30pm (as well as the remainder of her statements in Ex. 1). The last thing this jury needs to hear is another recounting of how Griffin set up the gun deal between Fulton and Collazo. Navarro's testimony about Griffin's grand jury statements accordingly have little probative value, and will not give this jury any new information.

Accordingly, Plaintiffs move to bar Navarro from testifying about Griffin's grand jury statements from March 14, 2003.

Respectfully submitted,

**PLAINTIFF JOHN FULTON**
**PLAINTIFF ANTHONY MITCHELL**

BY: /s/ *Julia Rickert*
*One of Plaintiffs' Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Julia Rickert
Fatima Ladha
Isaac Green
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, IL 60607
T: 312-243-5900
F: 312-243-5902
julia@loevy.com

Andrea D. Lyon
LYON LAW

6

53 W. Jackson Blvd., Ste. 1650
Chicago, IL 60604
T: 312-877-5543
F: 312-663-3707
andrea@andrealyon.com

## CERTIFICATE OF SERVICE

I, Julia Rickert, an attorney, hereby certify that on March 4, 2025, I caused the foregoing document to be served on all counsel of record by using the Court's CM/ECF system.

/s/ *Julia Rickert*
*One of Plaintiffs' Attorneys*