IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| | ) | Case No. 20-cv-3118 |
| Plaintiff, | ) | |
| | ) | Hon. Joan H. Lefkow |
| v. | ) | District Judge |
| | ) | |
| ROBERT BARTIK, *et al.* | ) | Hon. Maria Valdez |
| | ) | Magistrate Judge |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANTHONY MITCHELL, | ) | |
| | ) | Case No. 20-cv-3119 |
| Plaintiff, | ) | |
| | ) | Hon. Joan H. Lefkow |
| v. | ) | District Judge |
| | ) | |
| ROBERT BARTIK, *et al.* | ) | Hon. Maria Valdez |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**AMENDED LOCAL RULE 54.3 JOINT STATEMENT
REGARDING SECTION 1988 FEES [DRAFT]**

Pursuant to section (e) of LR54.3, the parties submit the following Joint Statement with respect to the motion for fees and expenses filed by Loevy & Loevy, attorneys to Plaintiffs John Fulton and Anthony Mitchell:

1. Loevy & Loevy claims attorney's fees of $4,421,180.50 and related nontaxable expenses of $286,796.75. Loevy & Loevy calculates fees as follows:

| Name | Role | Total Hours | Hourly Rate (USD) | Total Fees (USD) |
|---|---|---|---|---|
| Russell Ainsworth | Attorney | 970.75 | $1,141.00 | $1,107,625.75 |
| Bethan Gee | Paralegal | 25.50 | $175.00 | $4,462.50 |
| Isaac Green | Attorney | 311.50 | $581.00 | $180,981.50 |
| Sam Heppell | Attorney | 297.00 | $777.00 | $230,769.00 |

1

| Fatima Ladha | Attorney | 346.75 | $473.00 | $164,012.75 |
| --- | --- | --- | --- | --- |
| Lauren Lebata | Paralegal | 33.00 | $175.00 | $5,775.00 |
| Jon Loevy | Attorney | 778.00 | $1,500.00 | $1,167,000.00 |
| Andrea Lyon | Attorney | 292.00 | $1,141.00 | $333,172.00 |
| Alyssa Martinez | Attorney | 184.25 | $473.00 | $87,150.25 |
| Alyssa Nekritz | Paralegal | 275.50 | $175.00 | $48,212.50 |
| Julia Rickert | Attorney | 1106.00 | $948.00 | $1,048,488.00 |
| Brynn Schaal | Paralegal | 235.75 | $175.00 | $41,256.25 |
| Olivia Toppel | Paralegal | 13.00 | $175.00 | $2,275.00 |
| | | | | |
| | | | TOTAL FEES | $4,421,180.50 |

2. The position of City of Chicago is that fees should be awarded in the range of $851,375.00 to $1,792,400.00 on the following basis:

| Name | Requested rate | Adjusted Rate | Requested Hours | Adjusted Hours | Total Adjusted Fees With Hours and Rates Objections | Total Adjusted Fees With Rate Objections Only |
| --- | --- | --- | --- | --- | --- | --- |
| Russell Ainsworth | $1,141.00 | $500 | 970.75 | 487.05 | $243,525.00 | $485,375.00 |
| Bethan Gee | $175.00 | $100 | 25.50 | 10 | $1,000.00 | $2,550.00 |
| Isaac Green | $581.00 | $200 | 311.50 | 229 | $45,800.00 | $62,300.00 |
| Sam Heppell | $777.00 | $250 | 297.00 | 78.5 | $19,625.00 | $74,250.00 |
| Fatima Ladha | $473.00 | $200 | 346.75 | 180.5 | $36,100.00 | $69,350.00 |
| Lauren Lebata | $175.00 | $100 | 33.00 | 15.25 | $1,525.00 | $3,300.00 |
| Jon Loevy | $1,500.00 | $750 | 778.00 | 294 | $220,500.00 | $583,500.00 |
| Andrea Lyon | $1,141.00 | $500 | 292.00 | 171.5 | $85,750.00 | $146,000.00 |
| Alyssa Martinez | $473.00 | $200 | 184.25 | 20 | $4,000.00 | $36,850.00 |
| Alyssa Nekritz | $175.00 | $100 | 275.50 | 199 | $19,900.00 | $27,550.00 |
| Julia Rickert | $948.00 | $250 | 1106.00 | 690.5 | $172,625.00 | $276,500.00 |
| Brynn Schaal | $175.00 | $100 | 235.75 | 10.25 | $1,025.00 | $23,575.00 |
| Olivia Toppel | $175.00 | $100 | 13.00 | 0 | $0.00 | $1,300.00 |
| | | | | | | |
| | | | | TOTAL FEES | $851,375.00 | $1,792,400.00 |

3. Respondent's position is that any request by Movants for costs is untimely under LR

      54.1 and therefore the Court should award $0.00 of related nontaxable expenses.

4. The specific disputes remaining between the parties are the following:

    a. The appropriate hourly rates for each Loevy & Loevy attorney;

    b. Whether certain hours claimed by each Loevy & Loevy attorney should be compensated;

    c. Whether Loevy & Loevy are entitled to costs under LR 54.1.

5. As required by L.R. 54.3(e)(4)(B), Defendants disclose that they have challenged the judgment in post-trial motions currently pending before this Court. Plaintiff included in his requested fees above approximately $400,000 in post-judgment fees for the work done related to post-trial motions.

    a. Defendants position: Defendants object to the inclusion of any post-judgment attorneys' fees because there is no ruling as to those motions. That is, neither party has at this time prevailed as to the post-judgment motions. Local Rule 54.3 does not contemplate for post-judgment fees to be considered at this time. See, e.g., L.R. 54.(b) ("[The fee] motion shall be filed in accordance with the provisions of this rule and shall be filed and served no later than 91 days after the entry of the judgment."); L.R. 54.3(c) ("The filing of a fee motion shall not stop the running of the time for appeal of any judgment on which the motion is founded. . . . The time requirements of Fed.R.Civ.P. 59 are not changed by this rule."). The *Firestine* case which Plaintiffs rely upon below does not support their request for post-judgement fees because that case involved a situation where a ruling was already made on the post-trial motions. *Firestine*, at 374 F. Supp. 2d at 670 ("Similarly, after ruling on the post-trial motions, the court, for

its convenience, ordered the parties to filed consolidated fee petitions and objections.").

b. Plaintiffs' position: Plaintiffs believe that the inclusion of post-judgement fees to date is appropriate and efficient. *See, e.g.*, *Firestine v. Parkview Health Sys., Inc.*, 374 F. Supp. 2d 658, 670 (N.D. Ind. 2005) ("consolidated fee petitions" including post-trial briefing "were intended to simplify the court's task of reviewing the numerous fee and cost issues").

6. The parties have discussed settlement of fees and the Defendants remains open to negotiating the fees and costs. When post-judgment fees are excluded, the parties are less than $600,000 apart in their fee negotiations. The Defendants believe a settlement conference is appropriate to avoid unnecessary litigation. Plaintiffs believe that the parties are at impasse and are not close regarding settlement of fees and therefore a settlement conference at this stage would be a waste of the Court's time. Plaintiffs position is that if the parties are able to get within striking range where a conference could be production, Plaintiffs will inform the Court.

Respectfully submitted,

| For Plaintiff: | For Defendants Bartik, Breen, and Zalatoris: |
|---|---|
| /s/  Jon Loevy  <br>Arthur Loevy<br>Jon Loevy<br>Russell Ainsworth<br>Julia Rickert<br>Fatima Ladha<br>Isaac Green<br>LOEVY & LOEVY<br>311 N. Aberdeen Street<br>Chicago, IL 60607<br>T: 312-243-5900<br>F: 312-243-5902 | /s/ Shneur Nathan<br>Shneur Nathan<br>Avi Kamionksi Natalie Adeeyo<br>Breana Brill<br>John Cerney<br>Nathan & Kamionski LLP<br>206 S. Jefferson<br>Chicago, IL 60661<br>(312) 612-1955<br>snathan@nklawllp.com |

4

5

Andrea D. Lyon
53 W. Jackson Blvd., Ste. 1650
Chicago, IL 60604
T: 312-877-5543
F: 312-663-3707
andrea@andrealyon.com

**For Defendant City of Chicago:**

*/s/ James P. Fieweger*
Special Assistant Corporation Counsel
James P. Fieweger
Michael Best & Friedrich LLP
444 W Lake St Ste 3200,
Chicago, IL 60606
jpfieweger@michaelbest.com

## **CERTIFICATE OF SERVICE**

      I, Shneur Nathan, an attorney, hereby certify that on November 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record.

                                                  */s/ Shneur Nathan*
                                                  Shneur Nathan