IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | 20-cv-3118 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| ROBERT BARTIK, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ANTHONY MITCHELL, | ) | |
| | ) | 20-cv-3119 |
| Plaintiff, | ) | |
| | ) | Judge Lefkow |
| v. | ) | |
| | ) | Jury Trial Demanded |
| ROBERT BARTIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CITY OF CHICAGO'S UNOPPOSED MOTION TO REVISE THE AMENDED
JUDGMENTS AND DISMISS MONELL CLAIMS**

Pursuant to Fed. R. Civ. P. 59(e) and to avoid any questions regarding finality for

purposes of appeal, the City of Chicago respectfully requests that this Court revise the Amended

Judgments entered in these consolidated cases to dispose of the respondeat superior and

indemnification claims and state that the City is liable for the compensatory damages (and only

the compensatory damages) granted to Plaintiffs, and dismiss their Monell claims, which were

bifurcated from the trial. In support of this motion, the City states as follows.

1.      Plaintiffs John Fulton and Anthony Mitchell filed separate complaints alleging

claims arising from their 2003 convictions for the murder of Christopher Collazo, which

subsequently were vacated. They named as defendants thirteen current or former members of the

Chicago Police Department, the City of Chicago, members of the Cook County State's Attorney's Office and Cook County.

2. Fulton and Mitchell each asserted three claims against the Defendant City of Chicago: Count VIII asserting Monell liability, Count XII asserting respondeat superior, and Count XIII asserting Indemnification.

3. By agreement, the Monell claims were bifurcated and did not proceed to trial. (Fulton Dkt. 186; Mitchell Dkt. 190) The respondeat superior and indemnification claims were not affected by this agreement.

4. Fulton and Mitchell settled with Cook County and the State's Attorney's Office Defendants and the claims against the City defendants proceeded to trial.

5. Following a three-week trial the jury returned a verdict in favor of Fulton and Mitchell. The jury found in favor of Plaintiffs on their Constitutional and common law claims and awarded them compensatory and punitive damages against three individual defendants, Robert Bartik, John Zalatoris and James Breen, each of whom are current or former members of the Chicago Police Department.

6. This Court entered judgments in favor of Plaintiffs awarding them each $60,000,000 in compensatory damages against defendants Robert Bartik, John Zalatoris and James Breen. The judgments also awarded Fulton $12,500 in punitive damages from Zalatoris, Breen and Bartik and $10,000 in punitive damages to Mitchell from Zalatoris and Breen. The judgments did not refer to the City of Chicago. (Fulton Dkt. 488; Mitchell Dkt. 490)

7. The Defendants moved to amend the judgments. (Fulton Dkt. 511; Mitchell Dkt. 513.) This Court granted those motions in part by deducting from the compensatory damage awards the settlements paid by the County Defendants. (Fulton Dkt. 565; Mitchell Dkt. 567)

8. As a result, this Court entered Amended Judgments awarding $52,500,000 in compensatory damages against Defendants Bartik, Zalatoris and Breen to both plaintiffs as well awarding Fulton $12,500 in punitive damages from Zalatoris, Breen and Bartik and $10,000 in punitive damages to Mitchell from Zalatoris and Breen. (Fulton Dkt. 566; Mitchell Dkt. 56d.)

9. As with the original Judgments, the Amended Judgments did not reference the City of Chicago.

10. Pursuant to the parties' agreements, the respondeat superior and indemnification claims remain pending against the City, and the City does not contest that the individual defendants were acting within the scope of their employment with respect to the conduct that resulted in the compensatory damage awards.

11. The City, however, is not liable for punitive damages awarded against its current or former employees or agents. *See* 745 ILCS 10/2-102.

12. As a result, the Amended Judgments should be revised reflect judgment for the Plaintiffs on the respondeat superior and indemnification claims, and to add the City of Chicago as a Defendant against whom the compensatory damage awards are entered.

13. Further, the damages awarded Plaintiffs compensate them for the same injuries that form the basis for their Monell claims alleged against the City. Their complaints did not seek injunctive relief. As a result, Plaintiffs injuries have been fully compensated by the verdicts returned in their favor.

14. Because Plaintiffs have been fully compensated for any Constitutional violations they suffered, the rule against double recoveries prohibits them from further pursuing their Monell claims. *Swanigan v. City of Chicago,* 881 F.3d 577, 582 (7th Cir. 2018). The judgment therefore also should be amended to reflect that the Monell claims are dismissed.

3

15. Counsel for the City communicated with Plaintiffs' counsel regarding this motion. Plaintiffs do not object to the requested relief.

Wherefore, the City of Chicago respectfully requests that pursuant to Fed. R. Civ. P. 59(e) this Court revise the Amended Judgments to enter judgment for Plaintiffs on their respondeat superior and indemnification claims, to name the City as a defendant against whom the compensatory damage awards are entered, and to formally dismiss the Monell claims.

Respectfully Submitted,

/s/ James P. Fieweger
Special Assistant Corporation Counsel
James P. Fieweger
Michael Best & Friedrich LLP
444 W Lake St Ste 3200,
Chicago, IL 60606
jpfieweger@michaelbest.com

Attorney for City of Chicago

4