**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FULTON, *Plaintiff*, v. ROBERT BARTIK, *et al*. *Defendants*. | ) | Case No. 20-cv-3118<br>Hon. Joan H. Lefkow<br>District Judge<br>Hon. Maria Valdez<br>Magistrate Judge |

| | | |
|---|---|---|
| ANTHONY MITCHELL, *Plaintiff*, v. ROBERT BARTIK, *et al*. *Defendants*. | ) | Case No. 20-cv-3119<br>[Consolidated with *Fulton v. Bartik* for pre-trial purposes] |

**PLAINTIFFS' MOTION TO AMEND JUDGMENT AND RECONSIDER FEE APPORTIONMENT**

Now come Plaintiffs, by their counsel, Loevy & Loevy, and respectfully move the Court to reconsider its Order granting Defendants' Motion to apportion the awarded fees between the two prevailing Plaintiffs. Dkts. 600; 601.[1] In support, Plaintiffs explain as follows.

[1] Consistent with prior practice, all docket citations refer to the entries on the *Fulton* docket.

## INTRODUCTION

As recently happened with the bond issue, the Defendants have again filed what they presented as a ministerial request without informing the Court that Plaintiffs strongly opposed it—a fact the Defendants knew full well because the parties have been negotiating over the apportionment of attorney fees for several weeks—and without explaining the underlying legal complexity of their request. Likely for this reason, the Court efficiently granted Defendants' Motion without Plaintiffs having the opportunity to respond, meaning Plaintiffs now must ask the Court to reconsider

The background is relevant. Defendants' motion failed to inform the Court that the parties have been in settlement negotiations through the Seventh Circuit's mediation program and believed they had reached an agreement in principle to settle the claims of one of the two Plaintiffs. Attorney fees, however, had emerged as a sticking point: Defendants took the position that a settlement of one Plaintiff's claims "inclusive of fees" would resolve half of the fees awarded, while Plaintiffs were unwilling to enter into a settlement as to one Plaintiff unless a fee-inclusive settlement would only release the portion of the awarded fees solely attributable to the settling Plaintiff. The difference is material.

At the time Defendants filed their Motion, the parties were working on language preserving each side's right to make these arguments to this Court once the settlement was agreed to and the issue was ripe. Defendants then jumped the gun by filing their Motion before the parties reached a final agreement. For the reasons discussed, the Court should vacate the judgments that it entered at Defendants' request prior to receiving any information from Plaintiffs about their position on the issue, subject to being revisited after both sides have had the opportunity to weigh in and the costs have been determined. In the alternative the Court should

enter an amended supplemental judgment against Defendants, jointly and severally, in favor of John Fulton and Anthony Mitchell, jointly, for their attorney fees in the amount of $4,167,771.00.

**ARGUMENT**

On the merits, three fatal flaws infect the Defendants' Motion.

First, notwithstanding Defendants' rush to ask the Court to "alter the August 19, 2026 judgment on fees by dividing it equally into two fees judgments," Dkt. 600 at 2, there in fact was no existing judgment to alter: there was just the Court's fee Order, Dkt. 594, which had not yet been memorialized into a judgment because the parties are still conferring over costs. Thus Defendants Motion should not have been brough under Rule 59(e).

Second, Defendants forfeited their opportunity to seek apportionment of the fee award when they did not ask for it in their response to Plaintiffs' fee petition. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (noting that Rule 59(e) motions are not a vehicle to make arguments that could have been raised before judgment).

Third and most fundamentally, forfeiture aside, in awarding fees jointly to the co-Plaintiffs, the Court committed no error requiring correction. Courts routinely order a single fee award for multiple plaintiffs whose claims are intertwined without apportioning the fee among the co-plaintiffs. *See, e.g.*, *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1024 (N.D. Ill. 2009), *amended sub nom. Dupuy v. McEwan*, No. 97 C 4199, 2009 WL 10740693 (N.D. Ill. Dec. 21, 2009); *William P. ex rel. Patrick P. v. Evergreen Park Sch. Dist. No. 124*, No. 07 C 0608, 2008 WL 5474245, at *5 (N.D. Ill. Dec. 31, 2008); *Rybicki v. State Bd. of Elections of State of Ill.*, 584 F. Supp. 849, 856 (N.D. Ill. 1984); *Six Star Holdings, LLC v. City of Milwaukee*, No. 10-C-0893, 2015 WL 5821441, at *9 (E.D. Wis. Oct. 5, 2015).

The only error the Court made was yesterday when it split the fee award in two and gave each Plaintiff half. Defendants' argument for doing so was wholly without legal and factual support and improperly took from each Plaintiff their statutorily provided right to the attorney fees that were reasonably incurred in the prosecution of *their own* successful claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Tidwell v. Schweiker*, 677 F.2d 560, 570 (7th Cir. 1982) (noting that each prevailing party is entitled to the reasonable fees incurred pursuing their winning claims). Mr. Fulton and Mr. Mitchell, as co-plaintiffs who prevailed on intertwined claims with the same counsel, are jointly entitled to all the fees for those claims that this Court adjudicated as reasonable. *See Bolger v. District of Columbia*, No. CV 03-0906 (JDB), 2006 WL 8448336, at *2 (D.D.C. Nov. 30, 2006) ("The work for which the settling plaintiffs seek compensation, omitting the hours excluded herein by the Court, was necessary for the settling plaintiffs to receive their judgment. Thus, as prevailing parties these plaintiffs may seek attorney's fees for all of the work performed on their behalf, even if the non-settling plaintiffs may have benefitted from this work as well.").

To be clear, no one thought that the legal effect of the Court entering its Order awarding $4,167,771 in fees in each of these consolidated cases was that the Plaintiffs were entitled to collect a total of $8,335,542. In the same way, Plaintiffs did not expect to collect $16,671,084 in total from each of the four Defendants who are jointly and severally liable. Nor would it have been any more appropriate for the Court to enter separate judgments against each Defendant for a quarter of the $4,167,771. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 311 (7th Cir. 2010) ("the defendants were jointly and severally liable, and allocating damages between the parties for the single indivisible injury alleged in this case was improper"); *Herbst v. Ryan*, 90 F.3d 1300, 1305 (7th Cir. 1996) ("It is frequently appropriate to hold all defendants jointly and

severally liable for attorneys' fees in cases in which two or more defendants actively participated in a constitutional violation."). The Defendants are free to satisfy their joint and several liability as they see fit. *See Herbst*, 90 F.3d at 1305 (admonishing courts "against unnecessary intrusions into the state's own internal methods of allocating financial burdens"). But similarly, while the Plaintiffs have no illusions that they each will receive all of the fees they were jointly awarded, just like jointly and severally liable defendants, Mr. Fulton and Mr. Mitchell have a right to determine as between themselves how they wish to distribute and release the fees they are entitled to. The Court's split judgements, Dkt. 601, improperly takes that right away from them.

## I. Legal Standard

Federal Rule of Civil Procedure 59(e) allows a court to correct, among other things, "a manifest error of law or fact." *Bordelon v. Chi. Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000). Relief under Rule 59(e) requires "the movant 'clearly establish' one of the aforementioned grounds for relief" but is less demanding than a Motion under Rule 60(b). *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). This standard is met because splitting the fee award in two and giving half to each Plaintiff was a clear legal error.

Because the fees and costs have not yet been fully adjudicated, the Court could instead treat this as a Rule 54(b) motion for reconsideration, which allows a Court to consider arguments and facts undermining a decision it made outside of the normal adversarial process. Any order that does not resolve all claims as to all parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge"). While motions to reconsider are disfavored, in limited circumstances such a motion "serves a valuable function where the court 'has patently misunderstood a party, or has

made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Whitten v. ARS Nat. Servs., Inc.*, No. 00 C 6080, 2002 WL 1332001, at *1 (N.D. Ill. June 18, 2002) (Lefkow, J.) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990)). This standard is met because Plaintiffs were not able to present their opposition to the Defendants' Motion, which would have shown that splitting the fee award in half is improper.

## II. Each Plaintiff has a Claim for the Reasonable Fees the Court Adjudicated

Defendants are right about two things: first, "there are two separate lawsuits with two separate prevailing parties, Plaintiff Fulton and Plaintiff Mitchell," Dkt. 600 at 2; second, "it is the *party's* entitlement to receive the fees in the appropriate case," and therefore "it is the party's right to waive, settle, or negotiate that eligibility." *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990) (emphasis added). The Judgments entered yesterday take away part of that right from each of the Plaintiffs without justification.

Defendants provide no support for their primary assertion that each Plaintiff is entitled to exactly and only half of the awarded fees. Defendants correctly note that "Plaintiffs each received the same compensatory damages award ($60 million), the same settlement from the County ($7.45 million), and the work done by their counsel was in furtherance of both cases." Dkt. 600 at 3. But they fail to connect this to their requested relief or explain why it justifies the conclusion that exactly half of the fees are tied to the outcome of each Plaintiffs' case. Instead, with limited exceptions for the fees expended only in furtherance of the other's claims, Plaintiff Mitchell and Plaintiff Fulton are each entitled to the full attorney fee judgment that the Court should enter once the cost issue has been resolved. *Cf. Munson v. Milwaukee Bd. of School*

*Directors*, 969 F.2d 266, 272 (7th Cir. 1992) **(**awarding fees for all claims where "[s]eparating out the legal services rendered for the federal and pendent claims would be futile ..."**)**.

This is because each Plaintiff is *entitled* to recover fees for "all hours reasonably expended on the litigation" in which they substantially prevailed. *Hensley*, 461 U.S. at 435. In determining whether a plaintiff can recover their full fees when they prevailed on some but not all of their claims, the Supreme Court has instructed courts to consider whether the claims "involve[d] a common core of facts or [were] based on related legal theories." *Id.* Where plaintiffs achieved substantial success and "counsel's time [was] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis," fees should be awarded for all claims because "[s]uch a lawsuit cannot be viewed as a series of discrete claims." *Id.*

The same analysis applies where the issue is separating work related to several parties rather than claims. The inquiry remains whether the attorneys' work concerned a common core of facts or related legal theories under the *Hensley* framework. For example, the Sixth Circuit, applying *Hensley*, has held that prevailing plaintiffs in an FLSA action were entitled to some of the fees for work that benefited them from a prior attempted collective action including, for example "fees for depositions in [the prior action] that uncovered the facts surrounding the . . . plaintiffs' claims, even if the depositions were conducted as part of the [prior action's] plaintiffs' effort to obtain collective-action certification." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 576 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also, e.g.*, *City of Riverside v. Rivera*, 477 U.S. 561, 564 (1986) (plaintiff who named 32 defendants and prevailed against six was properly awarded attorney fees for all time claimed, where all claims against all defendants were factually related); *Parker v. Town of*

*Swansea*, 310 F. Supp. 2d 376, 394–95 (D. Mass. 2004) (awarding fees for "discovery related to the development of common factual and legal scenarios which were necessary to the presentation of [partially-prevailing plaintiff's] successful claims" and declining to "deducted the time spent in connection with common challenges undertaken by [prevailing defendant] on behalf of all the defendants, . . . which the [prevailing] defendants filed. These challenges would have been made even in the absence of [prevailing defendants].").

In this case that means that if the jury had found for only one of the Plaintiffs or if one Plaintiff settled tomorrow (and thereby solidified his prevailing status) while the other continued on appeal, the prevailing Plaintiff would still be entitled to *all* the fees reasonably incurred in pursuing his claims. *See, Bolger*, 2006 WL 8448336, at *2 (rejecting argument that settling plaintiffs' fee award should be reduced because work benefited other non-settling and therefore not-yet-prevailing plaintiffs); Order at 7-9, *Thiebes v. Wal-mart Stores, Inc.,* No. 98-802-KI, Dkt. No. 825 (D.Or. Jan. 18, 2005) (King, J.) (applying analysis regarding partial success on claims to partial success between plaintiffs and holding that plaintiffs would be entitled to fees for work they did for unsuccessful plaintiffs if the time spent was on work also relevant to the prevailing plaintiffs). The settling Plaintiff could settle his own claim to those fees for whatever consideration he viewed as appropriate, but he could not settle his co-Plaintiff's claim.

These cases demonstrate that both Plaintiffs are entitled to have a say in the full attorney fees that the Court has awarded. While there is admittedly limited authority specifically addressing the entitlement of co-Plaintiffs to the fee award for the work of their shared attorneys, Defendants do not point to a single case—and Plaintiffs are not aware of any—where the Court has simply split the award down the middle. In other contexts, courts have rejected such approaches. *Ooley v. Citrus Heights Police Dep't*, No. 2:12-CV-00095-JAM, 2012 WL 3993756,

at *3 (E.D. Cal. Sept. 11, 2012) ("Merely dividing the costs of opening the case and conducting discovery in half and attributing the costs equally to the two plaintiffs does not satisfy the applicable standard"), *aff'd,* 603 F. App'x 628 (9th Cir. 2015).

Moreover, the fact that the Plaintiffs chose to retain the same attorneys to pursue their claims is a mere happenstance that has already caused a windfall to the Defendants: if Plaintiffs had selected separate counsel, Defendants would likely be on the hook for a second set of attorney fees that would be close to those incurred by undersigned counsel representing the Plaintiffs together. And because the Plaintiffs' legal claims and the facts underlying them are so tightly related, almost all of counsel's activities, from attending defendant and third-party depositions to briefing dispositive motions, materially advanced both Plaintiffs' claims and would have been incurred even if only one of them had sued. *See Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988) (considering "how much lawyer and student time [partially prevailing plaintiff] would have consumed had" he only brought successful claims). *Hensley* and the Seventh Circuit's application of it demonstrate that both Plaintiffs have a legitimate claim to all of these fees.

Defendants are completely wrong in asserting that giving each Plaintiff half the fees is the "only workable and equitable way to divide the joint fee award among two Plaintiffs." Dkt. 600 at 3. This argument entirely ignores the fact that the Plaintiffs themselves are perfectly capable of themselves equitably dividing the award, to which they are both entitled. Allocating the fees between the Plaintiffs does not justify entering separate judgments giving each Plaintiff half the attorney fee award. Instead, the Court should enter a judgment entitling each Plaintiff, jointly and severally, to collect the single unitary attorney fee award that its Order found reasonable. Just as jointly and severally liable defendants would not be required to each pay the

full amount of the judgment against them, *see Miranda v. Cnty. of Lake*, 900 F.3d 335, 346 (7th Cir. 2018) ("Under the single recovery rule, defendants are jointly and severally liable for the full amount of compensatory damages that result from an indivisible harm; a plaintiff can recover only once for those damages."), the Plaintiffs will not each get to pocket the full amount of the judgment in their favor. *See, e.g.*, *Cement Masons Union Loc. No. 592 Pension Fund v. Superior Concrete, Inc.*, No. CV 09-5464, 2010 WL 11707724, at *2 (E.D. Pa. July 13, 2010) ("This Order and Judgment is enforceable, without duplication, by one or more of the Plaintiffs, jointly and severally, or their agents."); *C. T. C. Inv. Co. v. Daniel Boone Coal Corp.*, 58 F.2d 305, 312 (E.D. Ky. 1931) ("[C]ertainly in every such case if the rights of the several plaintiffs arise by one and the same obligation, and they have the right not only to sue jointly but to seek a joint or several judgment, such an adjudication is a single judgment on which a single execution can issue."); *see also Snyder v. Harris*, 394 U.S. 332, 335 (1969) (recognizing "cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest"). But the Plaintiffs each have a right to assert their entitlement to the full fees awarded.

## III. Defendants' Request for Apportionment is too Late or too Early

The Court should not have granted Defendants' Motion for another reason: they did not make any argument for apportionment of fees in opposing Plaintiffs' fee petition. Defendants' Motion filed on Monday night is the first time they have taken the position that "there needs to be a separate award for each Plaintiff." Dkt. 600 at 2. Their opposition to Plaintiffs' fee petition, *see generally* Dkt. 556, made no argument about the apportionment of fees. Rule 59(e) motions "do not provide a vehicle for a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. There was nothing

infirm about the Court's order granting fees jointly to both Plaintiffs as many courts in this district do. *See supra*.

Defendants' Motion also came too early to actually resolve any apportionment issues that may arise from a future settlement. In the event that one Plaintiff settles with the Defendants in the future and releases their claim to fees, the Defendants might at that time be able to ask the Court to consider what portion of the fees are attributable only to the settling Plaintiff and then subtract those fees from the award remaining for the non-settling Plaintiff to collect.[2] However, without any settlement agreement in place, such a request would be premature, and as explained above, the fees attributable to only one Plaintiff would be far less than half.

## CONCLUSION

Plaintiffs respectfully request that the Court vacate its Judgments awarding half of the fees to each party and, once the costs are resolved, issue a judgment awarding the fees and costs jointly to both Plaintiffs.

**Respectfully submitted,**

BY: /s/ Jon Loevy
*One of Plaintiffs' Attorneys*

Attorneys for Plaintiffs
Jon Loevy
Russell Ainsworth
Julia Rickert
Isaac Green
LOEVY & LOEVY
311 N. Aberdeen Street
Chicago, IL 60607
T: 312-243-5900
F: 312-243-5902

[2] These fees are negligible but might include attorney time spent preparing and defending one Plaintiff's damages witnesses for depositions or trial testimony.

jon@loevy.com

Andrea D. Lyon
LYON & KERR, PLLC
53 W. Jackson Blvd., Suite 1650
Chicago, IL 60604
T: 312-877-5543
F: 312-663-3707
andrea@andrealyon.com